Before State Industrial Commission, Respondent.

In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by Sophie Seidenzahl, Respondent, on Behalf of Herself and Infant Sons, on Account of the Death of Her Husband Frederick Seidenzahl, v. Beaulieu Vineyard Distributing Company, Employer, Uninsured, Appellant.

*Workmen's Compensation Law — fall into elevator shaft — return to work — subsequent death from pleuro-pneumonia — notice — cause of death.*

Appeal from an award of the State Industrial Commission, made August 8, 1918, in favor of the claimant. Award affirmed. All concurred, except Woodward, J., dissenting, with an opinion.

Woodward, J. (dissenting): There is no dispute that the claimant's husband was employed by the employer to work in its wine cellar handling heavy barrels, and that, as an incident of his work, he was called upon to use a freight elevator. On the 13th day of March, 1917, the decedent fell into the elevator well, but caught one of the operating ropes and saved

himself from going to the bottom, finally getting to the floor above. He was wrenched and bruised and laid off for a period of ten days, when he returned to work, making a written statement to his employer that he had fully recovered from his injuries. From this time up to the twenty-seventh day of the following October he continued at his regular employment, a period of about seven months, without making any complaint, and then abandoned his employment, and on the twenty-fifth day of November of the same year died of pleuro-pneumonia. No notice of this death was served on the employer until the 5th day of January, 1918, and the evidence is wholly undisputed that no information reached the employer that there was anything the matter with the decedent subsequent to the time that he returned to work in March, 1917, up to the time of his death, which had anything to do with the accident. The evidence on which the State Industrial Commission has found that the death resulted from the injury is most unsatisfactory. His physician testified that the decedent was ill during the time that he was at work subsequent to the accident, but no evidence whatever appears to indicate that any one connected with the employer had any reason to believe that such was the case; and the physician to the State Industrial Commission was not convinced that there was any relationship between the accident and the death. There was an accident on the thirteenth day of March; on the twenty-third day of the same month the employee returned to his work and reported himself entirely well. Here that accident apparently ended. On the twenty-seventh day of October, with no complaint in the meantime, the decedent quit work, and about one month later died of pleuro-pneumonia. An interval of eight months between the injury and the alleged traumatic pneumonia, with no suggestion of illness in the meantime — and yet the State Industrial Commission has found that the employer was not prejudiced by a failure on the part of the claimant to give notice within the thirty days prescribed by the statute.* No facts are shown to indicate that the employer was not prejudiced. There was no reason, after the return of this employee and his declaration that he had entirely recovered, to keep watch of him during the months that intervened; the employer had a right to have the fact called to its attention if there was to be a claim such as is here presented within the thirty days which the statute prescribes, unless it appears that the circumstances were such that the employer could not have been prejudiced. The statement by the Commission that it " does not appear whether written notice of death was given to the employer within thirty days thereafter, but it has not been established as a fact that such notice was not given, and it is, therefore, presumed under section 21 of the Compensation Law that sufficient notice was given," is not sustained by the record. Mr. Rodden, the employer's manager, testified distinctly, and without contradiction, that no written notice was served upon him with reference to this accident until the 18th day of January, 1918, which was nearly two months after the

* See Consol. Laws, chap. 67 (Laws of 1914, chap. 41), § 18. Since amd. by Laws of 1918, chap. 634.— [REP.

death of the decedent. The presumptions of section 21 of the Workmen's Compensation Law prevail only when there is no " substantial evidence to the contrary," and, as there is substantial evidence that the notice required by statute was not given, there can be no presumption in support of such a notice, and it has been held that this requirement of the statute was not to be excused, unless there was ground for holding that prejudice did not result to the employer. (*Matter of Bloomfield* v. *November*, 219 N. Y. 374; *Matter of Saxon* v. *Erie R. R. Co.*, 221 id. 179, 182.) The evidence in this case discloses a situation which clearly tended to prejudice the employer. There was an accident, apparently of but little consequence; the employee returned to his work in ten days from the accident and reported himself entirely well. He resumed heavy labor and continued it for seven months, and then, without giving any notice of illness, he left his employment and died a month later. Nearly two months afterward the employer is given notice of a claim, through the State Industrial Commission, for injuries resulting in death. This claim is so obviously an afterthought, and the connection between the injury and the disease which concededly produced the death is so intangible, that it is improper to charge the employer, without a substantial compliance with the provisions of the statute. The award should be reversed, and the claim dismissed.