In the Matter of the Claim of ELLA BLOOMFIELD, Respondent, v. S. NOVEMBER et al., Appellants.

**Workmen's Compensation Law** — service of notice of injury required by section 18 of the law — when failure to serve such notice improperly excused by commission.

The requirement of section 18 of the Compensation Law that written notice of disability and claim should be promptly served ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice. The attention of the commission should be fastened upon the question whether upon the proofs in a given case the circumstances exist which are sufficient to justify such failure. and if they do exist that fact should be properly stated as one of the facts which constitute the basis of the award.

*Matter of Bloomfield* v. *November*, 172 App. Div. 917, reversed.

(Argued October 11, 1916; decided December 12, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 4, 1916, which affirmed an award of the state industrial commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*John N. Carlisle* and *Alfred W. Andrews* for appellants. No notice of injury was given within the time provided by the Workmen's Compensation Law, and no recovery can, therefore, be had. (L. 1914, ch. 41; § 18; *Burrell* v. *Halloway Bros.*, 4 B. W. C. C. 239; *Leach* v. *Hickson*, 4 B. W. C. C. 153; *Hughes* v. *Coed Talon Colliery Co.; Limited*, L. R. [1 K. B. 1909] 957; 2 B. W. C. C. 159; *Tibbs* v. *Watts, Blake, Burne & Co., Limited*, 2 B. W. C. C. 164; *Stronge* v. *Hazlett*, 44 Ir. L. T. R. 10; 3 B. W. C. C. 581; *Shannon* v. *Ban-Bridge Weaving Co.*, 45 Ir. L. T. 74; *Egerton* v. *Moore*, L. R. [2 K. B. 1912] 308; 5 B. W. C. C. 284; *Lacey* v. *John Mowlem & Co., Ltd.*, 7 B. W. C. C. 135.) There is no

finding either that "notice for some sufficient reason could not have been given" or that "the insurance carrier has not been prejudiced thereby" and the failure to make any such findings is a bar to this claim. (*People* v. *Klinck Packing Co.*, 214 N. Y. 138.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for respondents. The failure to give written notice within ten days after disability was excused properly by the commission. (*Flood* v. *Smith & Leishman*, 8 B. W. C. C. 613; *Howard* v. *Roswell & Matthews*, 7 B. W. C. C. 552; *Zilwood* v. *Winch*, 7 B. W. C. C. 60; *Thompson* v. *N. E. M. E. Co.*, 7 B. W. C. C. 49; *Hayward* v. *W. L. Colliery*, 8 B. W. C. C. 278; *State ex rel. D. D. D. Co.* v. *District Court*, 152 N. W. Rep. 838; *State ex rel. C. L. Co.* v. *District Court*, 156 N. W. Rep. 278; *State ex rel. City of Northfield* v. *District Court*, 155 N. W. Rep. 103; *Schmidt* v. *O. K. Baking Co.*, 96 Atl. Rep. 963; *Pellett* v. *Industrial Comm.*, 156 N. W. Rep. 956.)

HISCOCK, J. The claimant asserts that while she was engaged in the employment of the defendant under conditions which brought her case within the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67), she pricked her finger, causing injuries of a substantial nature. This injury occurred August 5, 1914, and it is doubtful on her own version whether, within ten days, even fair verbal notice was given to her employer of her injury. At best for her that was a question of fact. Concededly no written notice of injury such as is required by section 18 of the Compensation Law was given for several months after the alleged injury. The failure to give such written notice within ten days after disability was a bar to this claim "unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that

the state fund, insurance company, or employer, as the case may be, has not been prejudiced thereby."

Although the commission made findings there was no finding of the existence of either of these reasons as an excuse for the failure to serve the specified notice. We simply have certain "conclusions of fact" pertaining to the occurrence of the accident, disability, etc., a "ruling of law" that the claim came within the provisions of the Compensation Law, and an award, and included in the statement of the latter is the ruling that the "claimant's failure to give the written notice of injury to employer is hereby excused." We think that this is insufficient and not a fair compliance with the requirements of the statute or of good practice thereunder.

We do not intend to qualify what has often been said by this court to the effect that the Compensation Law should be liberally construed to the end of accomplishing the purpose for which it was enacted and that the course of the claimant should not be beset with technicalities. The legislature, however, has deemed it proper and essential under ordinary circumstances that a written notice of disability and claim should be promptly served so as to give an employer the opportunity to investigate the circumstances of the claim. This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice. The legislature has enumerated reasonable conditions under which failure to serve the notice may be excused and we think that the attention of the commission should be fastened upon the question whether upon the proofs in a given case the circumstances do exist which are sufficient to justify such failure, and that if they do exist that fact should be properly stated as one of the facts which constitute the basis of the award. We do not think that it is good practice that the service of such notice should be excused without any finding of the existence of conditions which justify

such action on the part of the commission or statement even of the theory on which the excuse has been granted.

In this case, for instance, it is doubtless important as bearing upon this subject whether the claimant did promptly notify the employer, although verbally, of the features of her alleged injury which form the basis for a claim. As I have indicated, I think that on the most favorable version to claimant this was a question of fact and if the commission were influenced in excusing the failure to serve a written notice on the ground that prompt and full verbal notice had been given and, therefore, no harm had been suffered, it ought to have passed fairly and explicitly on this question of fact and have made apparent the ground upon which it excused the failure to serve notice.

In accordance with these views we think that the award and order of affirmance should be reversed and the claim remitted to the industrial commission to pass upon this subject, with costs against the industrial commission to abide the final award of costs.

Chase, Collin and Hogan, JJ., concur; Willard Bartlett, Ch. J., Cuddeback and Cardozo, JJ., dissent.

Order reversed, etc.