W. B. SINGLETON v. DURHAM LAUNDRY COMPANY AND THE TRAVELERS INSURANCE COMPANY.

(Filed 2 February, 1938.)

1. **Master and Servant § 53a—Industrial Commission should find facts and conclusions of law.**

The Industrial Commission is required by C. S., 8081 (nnn), to file with the award, which is its judgment, a statement of the findings of fact and conclusions of law upon which the award is based, and although specific and definite findings of fact may not be necessary in all cases, the Commission should make such specific and definite findings upon the evidence reported as will enable the courts on appeal to determine whether general findings or conclusions should stand.

2. **Master and Servant § 40a—**

Whether an injury results from an accident arising out of and in the course of the employment is a mixed question of law and fact.

**3. Master and Servant § 47—Employee must give notice of injury or show to satisfaction of Commission reasonable excuse for failure to do so.**

An employee is not entitled to compensation for injury by accident arising out of and in the course of the employment unless he gives notice to the employer as required by the statute, or unless he shows to the satisfaction of the Commission reasonable excuse for not giving the notice, and the Commission finds that such failure did not prejudice the employer.

**4. Master and Servant § 55g—Proceedings remanded to Superior Court for order recommitting cause to Industrial Commission for findings.**

On appeal to the Full Commission, the findings of fact and conclusions of law of the hearing Commissioner were vacated and set aside, and the Commission, without making definite findings of fact, held that the claimant sustained an injury by accident arising out of and in the course of his employment, and awarded compensation. Defendant employer resisted recovery on the ground of the' failure of the employee to give notice of the injury as required by the statute, and also contended that the employee's condition was not the result of the accident occurring in the course of his employment, but resulted from a previous malady. *Held:* The record is insufficient to enable the Supreme Court to determine the rights of the parties upon the matters in controversy, and the proceedings are remanded to the Superior Court to the end that the cause may be recommitted to the Industrial Commission for findings of fact and adjudication of the rights of the parties thereon.

APPEAL from *Williams, J.,* at September Civil Term, 1937, of DURHAM. Error and remanded.

This is a claim for compensation under the Workmen's Compensation Act, filed by the plaintiff employee against Durham Laundry Company, employer, and the Travelers Insurance Company, carrier. The claim was allowed by the Industrial Commission and the defendants appealed. The court below entered judgment affirming the award and the defendants excepted and appealed.

*J. L. Morehead for plaintiff, appellee.*
*Sapp & Sapp for defendants, appellants.*

BARNHILL, J. The plaintiff filed claim on 25 February, 1936, with the North Carolina Industrial Commission, seeking an award for injuries alleged to have been received by him while engaged in the course of his employment by the defendant Durham Laundry Company on 15 March, 1935.

At the hearing before Commissioner Dorsett the defendants admitted that plaintiff was employed at the time of the alleged accident at a wage of less than $11.00 per week; that the Travelers Insurance Company was the carrier, and that the employer had more than five employees at the time of the alleged accident. The record further shows that at the

same time the defendants denied liability, for that the matter was never reported, the employer had no knowledge that the accident existed until the notice was received from the Industrial Commission, and that all other matters at issue, except as then admitted, were denied.

Commissioner Dorsett, after hearing the evidence, concluded that he was unable to find that the plaintiff suffered an injury by accident causing the trouble complained of and denied the claim for compensation. The plaintiff appealed to the Full Commission and upon hearing before the Full Commission an award was entered as follows: "The Full Commission directs that the findings of fact, conclusions of law, and the award of J. Dewey Dorsett be vacated and set aside, and in lieu thereof finds that the plaintiff, during the month of March, 1935, sustained an injury by accident arising out of and in the course of his employment, in consequence of which he was totally disabled for a period of six weeks, and that plaintiff's average weekly wage was $11.00; wherefore, the Full Commission directs that the defendant pay plaintiff compensation for six weeks at the rate of $7.00 a week." (Immaterial recitals omitted.)

This leaves the record in such condition as to make it impossible for us to determine the rights of the parties. The Full Commission set aside such findings of fact as were made by Commissioner Dorsett and at the same time failed to find the material facts at issue.

C. S., sec. 8081 (nnn), requires the Commission not only to make an award, but to likewise file with the award a statement of the findings of fact, rulings of law and other matters pertinent to the question at issue. This requirement has not been complied with. The finding "that plaintiff, during the month of March, 1935, sustained an injury by accident arising out of and in the course of his employment" is a conclusion and involves a mixed question of law and fact. Apparently the Workmen's Compensation Act treats it as a conclusion of law. The Commission is required to find the facts and conclusions of law. Ordinarily, the only question of law arising in a compensation case is as to whether the alleged injury, if any, was sustained by accident arising out of and in the course of employment. The award is the judgment of the Commission.

In respect to the facts involved in the claim for compensation, it is clearly apparent from the statute that the Legislature intended that the Industrial Commission should proceed more as a referee than as a jury, the difference being that the findings of fact by the Commission are conclusive if there is any evidence to support them, whereas the findings of fact by a referee are subject to review. It is the duty of the Commission to make such specific and definite findings upon the evidence reported as will enable this Court to determine whether the general find-

ing or conclusion should stand, particularly when there are material facts at issue. We do not mean to hold that specific and definite findings of fact are required in every case, as cases may arise where the evidence is short and uncomplicated or uncontradicted, or in which the facts are admitted. It would be the better practice, however, for the Commission to comply with the statute. To do so would certainly materially aid this Court in reviewing appeals. Speaking to the subject of a similar award, *Crosby, J.,* in *Mathewson's case,* 116 N. E. (Mass.), 831, says in part: "Manifestly a finding by the committee that an injury arose out of and in the course of the employment in a given case, without any other finding and without report of the evidence presented to the committee, would not be a compliance with Part 3, sec. 7, as it would be impossible for this Court to determine upon appeal whether there was evidence to support such finding. So, in this case, where findings of fact are made based upon the testimony of witnesses whose credibility is to be determined by the committee, and where different inferences of fact may be drawn from the evidence, it is not sufficient merely to embody the testimony in the report with a finding that the injury arose from and in the course of the employment. . . . It was the duty of the committee to make such specific and definite findings upon the evidence reported as would enable this Court to determine whether the general finding should stand. . . .

"The act should be construed liberally, to the end that rights of parties may be fully protected. On the other hand, it should not be so interpreted, or the procedure thereunder be of such a nature as to jeopardize the substantial rights of either party." *Doherty's case,* 222 Mass., 98, 109 N. E., 887; *Madden's case,* 222 Mass., 487, 111 N. E., 379; L. R. A., 1916-D, 1000; *Rozek's case,* 200 N. E., (Mass.), 903.

In *Madden's case, supra,* referring to a report containing only the conclusion of the committee, it is said: "It simply is a categorical repetition of the words in the statute by which the result is reached entitling the employee to compensation, without a statement of what the personal injury was, out of which grows the right to money payments."

In this proceeding the defendant interposes the defense of want of notice. The statute provides that the employee, or his representative, shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physicians' fees, nor to any compensation which may have accrued under the terms of this article prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or fraud

or deceit of some third person, but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice, and the Commission is satisfied that the employer has not been prejudiced thereby.

*Non constat* the plaintiff sustained an injury by accident arising out of and in the course of his employment he is not entitled to recover unless he can show that he has complied with the provisions of the statute in respect to the giving of a notice, or has shown reasonable excuse to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby. No finding whatever is made in respect to this controverted issue.

There is evidence that the plaintiff suffered an injury growing out of an accident in the course of his employment. There is also evidence that he was at the time suffering from a former malady or injury. If he suffered an injury by accident in the course of his employment, was said injury independent of the old malady or did it merely aggravate the same? As to this there is no finding, which, however, is perhaps not near so important as a finding on the question of notice.

We can well understand how the Commission inadvertently overlooked the fact that they were reversing and not affirming the report of the individual Commissioner and were thereby led into a failure to find the facts. This, however, does not relieve the situation. The rights of the parties herein cannot be determined until there has been an adequate finding of facts. It therefore becomes necessary to vacate the judgment below and remand this proceeding to the Superior Court, to the end that an order may there be made, recommitting the cause to the Industrial Commission with directions to find the facts and adjudge the rights of the parties thereon.

Error and remanded.