15468

BUGGS v. UNITED STATES RUBBER COMPANY,
WINNSBORO MILLS

(22 S. E. (2d), 881)

*Messrs. Elliott, McLean, Wardlaw & Elliott,* of Columbia, and *Messrs. McDonald, Macauley & McDonald,* of Winnsboro, Counsel for Appellant,

*Mr. Norbert A. Theodore,* of Columbia, and *Mr. Albert Merritt, Jr.,* of West Columbia, Counsel for Respondent,

November 17, 1943.

The Opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

The respondent in this appeal is the mother and sole next-of-kin of Chris Buggs, deceased, former employee of appellant, self insurer under the Workmen's Compensation Act. Act July 17, 1935, 39 St. at Large, p. 1231.

Buggs was employed in appellant's cotton mill at Winnsboro where his duties included the handling of baled and loose cotton. The testimony taken before the commissioner tends to show that on March 31, 1941, he was atop a bale engaged with others in piling the cotton, bale on bale, when the one on which he stood became unsteady, thereby causing him to fall or jump backward from it a distance of at least four feet to the concrete floor, in which accident he

struck his arm and, inferably, the left portion of his back, over the region of the heart, on the wall of the room in which he was working. He thought and said that he was not hurt and declined an offer to go to the plant hospital, and went on with his work, and reported day by day thereafter and performed his duties until April 21st, following, when he was tramping down samples of cotton in a small carrier and suddenly called in distress for help, and was taken to an automobile to be carried to the hospital, but died at the door of the mill.

No formal or written notice of the accident or claim for compensation was given the employer by the deceased before his death (which is a source of contention as will be seen) but the evidence indicates knowledge of the mishap on the part of his superior in employment in charge of his immediate department and on May 5, 1941, following the death on April 21st, respondent filed a claim under the law.

Hearing was had in the usual course and the hearing commissioner made an award of compensation which was affirmed on review by a majority of the Industrial Commission. Thereafter the matter was heard on the employer's exceptions and the action of the commission was confirmed by the Circuit Court and from the order of the latter this appeal comes upon eight exceptions, which, however, appellant groups in argument into two divisions, the first challenging the sufficiency of the evidence of causal connection between the accident and the subsequent sudden death, and the second urging the failure of the employee to give the employer written notice of the accident pursuant to Section 22, of the Act.

Interwoven with the latter is a question raised by the respondent and contained in grounds submitted by her to sustain the judgment, that this second main question was not properly presented below and should, therefore, not be now noticed because it was not included in the original grounds

for review of the finding of the hearing commissioner and was only made by amended grounds which came too late. But in view of our opinion that the record contains sufficient foundation for the commission's finding that the requirement of Section 22 was met, this subsidiary question need not be answered.

The first ground urged is a common and sometimes troublesome one. The death is, of course, compensable only if it resulted from an accident which arose out of and in the course of employment; and such finding by the commission must have been based upon some competent evidence supporting that conclusion. Authority need not be cited therefor or for the well-established rule that a finding of liability cannot be based upon speculation, surmise or conjecture.

With those principles in mind we have carefully considered the record and from it conclude that there was competent testimony from which the majority of the commission could decide as they did. The deceased was a stout and healthy colored man of about thirty-four years of age, was carefully examined by appellant's physician at the time of the beginning of his last period of employment, two months before his injury and death, and was found physically sound and free from disease. There can be no doubt under the record that he suffered the fall referred to in the course of his employment. Witnesses for claimant and appellant testified to it.

His mother and another relative who lived in the home testified that he suffered severely and continuously from the time of the fall until his death with pains and other symptoms of trauma and it is undisputed that he consulted an independent physician who, however, did not make a thorough examination and treated him for rheumatism or some like ailment. He gave as his professional opinion, as did the physician for the employer, that the cause of death was heart failure or coronary thrombosis which the traumatic injury

did not induce, for had it been of sufficient severity, the deceased could not have continued to work from the time of his fall to his sudden death three weeks later.

On the other hand a heart specialist testified that in his opinion, from the evidence of the fall and subsequent symptoms, the accidental injury caused thrombosis which resulted in death. He gave other instances of such in his experience and on cross examination said that it was a rare case but declined to say that it was very rare. The other doctors did not suggest any other cause.

Thus the case is entirely unlike *Baker v. Graniteville Co.*, 197 S. C., 21, 14 S. E. (2d), 367, where there was an undoubted pre-existing disease which caused death without acceleration by the accidental injury. It is more akin to *Westbury v. Heslep,* 199 S. C., 124, 18 S. E. (2d), 668, and involves very similar facts to those of the Oregon case of *Armstrong v. State Ind. Comm.,* 146 Or., 569, 31 P. (2d), 186.

Appellant's other contention must also be decided against it. Section 22 of the Act requires immediate written notice to the employer of accidental injury or as soon thereafter as practicable, with penalty for default against the employee with respect to accrued compensaion unless the employer, his agent or representative, has knowledge of the accident and with other exceptions not now pertinent; and finally it is provided that no compensation shall be paid unless written notice be given within thirty days after the accident or death unless reasonable excuse is shown to the satisfaction of the Industrial Commission and the latter is satisfied that the employer has not been prejudiced.

Appellant earnestly contends that it had no actual notice or knowledge of the accidental injury until the hearing upon respondent's claim and that it was prejudiced by the result-ant lack of opportunity to procure and present evidence upon the contested causal connection between the accident and the death. But, as has been noted, it had the benefit of the tes-

timony of physicians of high repute who had recently seen the deceased professionally in life and, at least one of them, after death.

Of greater importance upon the point is the fact shown by the record that after the hearing and finding by the commissioner, appellant filed an application, upon grounds stated, to the commission that the latter hear the case *de novo* (as it could, in effect, have done pursuant to Section 59 of the Act) and receive evidence additional to that before the hearing commissioner so that appellant might present further evidence tending to negative the alleged causal connection between the accidental injury and the subsequent death, as to which appellant allegedly had been surprised at the prior hearing.

Subsequently appellant filed its amended application for review, mentioned above and containing the grounds relating to the failure of deceased to give written notice of the alleged causal accident, and in this amended application for review it was expressly said: "The request for a hearing *de novo* is hereby waived." Thus did appellant voluntarily forego its opportunity to overcome its alleged surprise at the nature of respondent's contention before the hearing commissioner and, in fact, it requested in so many words that the commission consider its grounds of review and allegations of error in the light of the evidence taken before the hearing commissioner.

A witness who testified for the employer at the hearing said very definitely that the employee's foreman had knowledge of the accident and had a conversation with Buggs about it. This foreman denied receiving a report of the accidental injury and denied knowledge that "anything was wrong" with the employee, but he did not expressly deny knowledge of the accident and fall. This undoubtedly made an issue of fact which the majority of the commission resolved against the employer and found "that timely notice was given the employer, defendant, of the accident by the

deceased, Chris Buggs, and further, that Laura C. Buggs, the mother of the deceased, filed timely notice and claim after Chris Buggs' death."

The employee's foreman, whose knowledge of the accident was thus found by the commission·upon competent evidence, as we have seen, described himself in his testimony as warehouse foreman, in charge of shipping and receiving, and had under his supervision the employee, Buggs, and about thirty-five or thirty-eight others and, in effect, said that he was the proper person to have received report of Buggs' accident (corroborated on this point by the testimony of employer's employee-relations manager) and that he had instructed him with reference to making such report. He testified in part as follows:

"Q. If an accident or an injury occurred in your department, is it reported to you in the normal course? A. Yes, sir; it comes to me from the assistant foreman, and we have a form to fill out and we send him to the doctor if he hurts his leg, and if it's just a slight cut, just so the blood comes out we instruct all of them to come at once, and we have a form to fill out and we send them right to the hospital.

"Q. Does the mill keep a record of that? A. Yes, sir.

"Q. Does that go to the hospital or the mill office? A. There are three made. I believe the hospital has one, the employee relations department has one and I keep one."

He then proceeded to deny receipt of report of Buggs' accident and to deny knowledge or information that anything was "wrong with him," but in this he was contradicted by a fellow-witness for the employer, as has been. stated. This testimony indicated that it was the practice of the employer through this foreman to make the reports of accidents for the laborers, such as the deceased was, and it is fairly inferable from the evidence that the fall of the deceased was not considered of sufficient importance to record and file, which inference is further borne out by the foreman's testimony, referred to above, not that he had no knowledge of the deceased's accident or fall but that he had

no "report" of it and "didn't even bear of anything wrong with him." The fellow-employee, whose testimony has also been referred to, likewise placed upon the stand by the employer, described the accident by saying that the deceased "jumped off" the bale of cotton which resulted in "a little scar on his arm" and that he afterward said "he didn't hurt his arm at all," and this statement was made to the foreman aforementioned.

From the foregoing the inference is well founded that the appellant had notice of the accident which occurred in the course of Buggs' employment through the knowledge of its foreman acquired at the time of occurrence, and therefore that the commission was justified in its conclusion and award. The requirement of Section 22 of the Act was substantially and sufficiently met. If necessary to sustain an award of the commission it will be liberally construed. We agree with the following statement of the editor in 78 A. L. R., 1232, for which many citations of authority are given: "Workmen's compensation acts are considered as of a remedial character, the provisions of which should be construed broadly and liberally in order to effectuate their purpose, and this rule of liberal construction will be taken as a guide in construing the provision requiring notice of the injury to be given to the employer by or on behalf of the injured employee." Decisions of this Court to the same general effect may be found in 34 West's S. E. Dig., and pocket part, Workmen's Compensation, key 11, et seq.

Many controversies have arisen in other states, where compensation laws have been in effect longer than in this State, concerning the application to particular facts of the legal requirement of notice of accidents. The subject is treated in 71 C. J., 976, et seq., Workmen's Compensation Acts, §§ 762 et seq. A great many cases are collected in annotations in 78 A. L. R., 1232, 92 A. L. R., 505, 107 A. L. R., 816.

In this case the finding of the commission is sustained that it was shown "that the employer, his agent or representative, had knowledge of the accident" (the words of the Act, Section 22), at the time of the accident, and the employee's death three weeks later was, of course, within the knowledge of the employer because it occurred on the job. And the last provision of the section, strongly relied upon by appellant, is not applicable, for the thirty days therein referred to, within which written notice must be given except under certain circumstances, had not expired at the time of the death, and claim was filed well within thirty days from the latter. So appellant's contention of prejudice to it on account of delay in the receipt of formal notice is really complaint against the provision of the statute, the allowance of thirty days within which to give written notice, rather than against any finding of the commission. Under the record, the commission was not called upon to make a finding upon the question of prejudice or whether there was reasonable excuse for delay in giving notice, for reasonable excuse (and absence of accompanying prejudice) need only be found for delay beyond thirty days.

Repeating in an effort to clarify our holding, Section 22, of the Act, summarized above, may be roughly divided into two parts, the first requiring written notice to the employer of an accident to an employee, immediately or as soon thereafter as practicable, with penalty upon the employee unless the employer, his agent or representative, had knowledge of the accident, and with certain other now irrelevant exceptions; and the second part of the section denies compensation unless written notice be given within thirty days after accident or death unless there be reasonable excuse for lack of notice and the commission is satisfied that the employer has not been prejudiced. It is the first portion only of the section which applies to the facts of this case, because of the death of the employee within the thirty-day period, and the commission was justified, under the record, in its finding that the case came within the exception of the requirement of

immediate or "as soon thereafter as practicable" written notice because the "employer, his agent or representative," had knowledge of the accident. This is largely repetition of former portions of this opinion and is inserted, as stated, in spite of such, in further effort to clearly interpret the applicable portion of the statute and apply it accurately to the unusual facts which this case presents.

Not entering into the disposition of the case, because unnecessary, is consideration of respondent's position, upheld by the commission, that only her claim for benefits is involved, of which she filed written notice promptly after the death of her son, and not included is any amount for medical expenses, etc., which might have accrued to him, and that these constitute separate claims, separately limited. 71 C. J., 1015, 1021.

For the reasons stated the exceptions are overruled.

Affirmed.

Mr. Chief Justice Bonham, Messrs. Associate Justices Baker and Fishburne, and Circuit Judge E. H. Henderson, Acting Associate Justice, concur.