16523

HARPE v. KLINE IRON & METAL WORKS *ET AL.*

(66 S. E. (2d) 30)

528

*Messrs. Wise, Whaley & McCutchen,* of Columbia, *for Appellants,*

*Messrs. C. T. Graydon* and *John Grimball,* of Columbia, *for Respondent,*

July 17, 1951.

BAKER, Chief Justice.

This is an appeal from an award of benefits under the Workmen's Compensation Law made to the respondent by the Hearing Commissioner, affirmed by the Industrial Commission on review, and in turn affirmed by the Circuit Court. The amount involved is about $1,000.00 in medical and compensation benefits.

Respondent claims to have received a compensable injury under said Act while employed by the appellant employer on May 10, 1949.

While there are thirteen exceptions to the order of the Circuit Court, they raise only two issues, to wit: (1) Is respondent entitled to compensation and medical benefits, under the Workmen's Compensation Law, resulting from his alleged accident of May 10, 1949, where the respondent failed to notify employer appellant of the accident as provided by Section 7035-25 and 26, Code of 1942? (2) Is there any competent evidence on which to base a finding that respondent sustained an injury by accident arising out of and in the course of his employment as contemplated by the Workmen's Compensation Law?

Code Sections 7035-25 and 26, omitting the inapplicable provisions, are as follows:

Section 7035-25: "Every injured employee * * * shall immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued * * * prior to the giving of such notice unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had

been prevented from doing so by reason of physical or mental incapacity, or the fraud or deceit of some third party; but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident * * *, unless reasonable excuse is made to the satisfaction of the industrial commission for not giving such notice, and the commission is satisfied that the employer has not been prejudiced thereby."

Section 7035-26: "The notice * * * shall state * * * the time, place, nature, and cause of the accident, * * *; and shall be signed by the employee or by a person on his behalf, * * *. No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby, * * *."

The record discloses that at the time above mentioned, the respondent was employed by the appellant, Kline Iron and Metal Works, and engaged with another employee in center punching steel beams. In the process of this work, each beam had to be picked up and moved by hand four times. They were 11 feet to 13 feet long, weighed 17 pounds to the foot, and therefore from 187 to 221 pounds each. Respondent had been on this class of work for about two weeks, and had punched approximately 1200 of them. The respondent first noticed a "hurting" in his chest on May 20, 1949, but completed the day. However, the pain in his chest became more severe that night, so he did not return to work on the 11th, but went to see Dr. A. E. Cremer, the employer's doctor. Dr. Cremer examined and fluoroscoped him and told him to have an x-ray made, and that he would pick it up and read it. At the time of this examination, Dr. Cremer diagnosed respondent's trouble as pleurisy, but in fairness to this physician it should be stated that when he made this diagnosis he did so on an incompleted examination with a history of respondent having gotten wet, and without knowledge of the heavy lifting in which he had been engaged. Respondent stayed off his job until the following Tuesday at noon, in the meanwhile not hearing from Dr. Cremer, and

during the time he was absent from his work, upon making an effort to see this phyician, learned that he was out of the City. When respondent returned to work as aforesaid, he went on the same job, and remained thereon until Thursday afternoon at about five o'clock when he went home, due to the pain in his chest. The same afternoon, he consulted two other physicians, neither of whom was able to account for his trouble, so on the next morning he called Dr. R. G. Latimore, who came to see him and after an examination, took him to Providence Hospital where he remained for 12 days. There x-rays of his chest were made, he was given blood transfusions, oxygen, and his chest was aspirated— that is, blood was drawn from his chest where his lung or lungs had hemorrhaged therein. When Dr. Latimore examined respondent, he had evidence of fluid in the base of his right chest, which turned out to be blood, and the x-ray pictures disclosed his right lung had collapsed.

It appears that medical bills (including the hospital bill) for the respondent amounting to $570.65 were paid by the employer appellant partly through a group insurance policy it carried for the benefit of its employees, which was aside from its Workmen's Compensation insurance, but no issue thereabout is here made to the award of the Industrial Commission, and the affirmance by the Circuit Court. Respondent also received some weekly payments or benefits under this group policy. The claim under the group policy was filed by an agent of the employer appellant.

After returning from the hospital on June 1, 1949, respondent was unable to return to work until about July 14, but did not again work for the employer appellant, and on July 28, 1949, enlisted in the Army.

Respondent made no complaint to Dr. Cremer, the physician he first went to on May 11th, of receiving any injury, and on the contrary gave a history of having been exposed to the elements. Nor did he make any complaint to his family physician and the attending physician, Dr. Latimore

of receiving any injury. It was only after he returned from the hospital and approximately 45 days thereafter that he ever mentioned to anyone connected with employer appellant the possibility of his illness having stemmed from an injury by accident arising out of and in the course of his employment as contemplated by the Workmen's Compensation Law.

On or about July 17th, respondent asked an assistant manager of the employer if "he couldn't recover under the compensation law," and as a result of this question, this assistant manager helped respondent fill out a report and make his claim. It is undisputed that this was the first notice the employer had that respondent claimed to have been injured on the job.

The Hearing Commissioner awarded compensation without discussion or making any finding in reference to the jurisdictional defense of no timely notice, *and* of his being satisfied that the employer had not been prejudiced thereby; and likewise the Full Commission ignored this jurisdictional defense, although the statute provides that "no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident  *  *  *,  unless reasonable excuse is made *to the satisfaction of the industrial commission* for not giving such notice, *and the commission is satisfied* that the employer has not been prejudiced thereby." (Emphasis added.)

It is true that the order of the Circuit Court mentioned the failure to give the required notice, and held that the employer appellant had not been prejudiced in the defense of the claim, but there is no holding that the failure to give notice of the claim within 30 days was excusable. Both the Industrial Commission and the Circuit Court appear to have treated the "required notice" as a mere formality or technicality, which cannot be done. *Mintz v. Fiske-Carter Const. Co. et al.,* 218 S. C. 409, 63 S. E. (2d) 50.

Probably it could be said that from the fact of an award having been made in favor of claimant, it is fairly to be understood, though not expressed, that the Industrial Commission was satisfied that the failure to give the required notice was excusable, and that the employer had not been prejudiced. But this defense was jurisdictional, and in the light of the statute, a direct and positive ruling by said Commission thereabout is necessary, it being made the fact finding body or agency as to such defense.

It is not for this Court to conjecture why the statute limits to 30 days the time in which notice of the occurrence of an accident must be given unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice, and where courts have undertaken to do so under statutes similar to our statute, it almost invariably leads them into a discussion of the second requirement of the statute that the employer has not been prejudiced by the failure to give the notice within the time limit, not because of the "second requirement," but as a reason for excusing the "first requirement," which it cannot be under the statute.

The cases of *Buggs v. U. S. Rubber Company*, 201 S. C. 281, 22 S. E. (2d) 881, and *Strawhorn v. J. A. Chapman Construction Co.*, 202 S. C. 43, 24 S. E. (2d) 116, are of no benefit to us here in that in both of these cases the Industrial Commission found that timely notice of the accidents was given the employer.

We have herein quoted Section 7035-26 of the Code only because this section was referred to throughout by the appellant, but it has no relevancy to the issue here until a finding had been made by the Industrial Commission that the failure to give notice within thirty days was excusable.

For the reason stated herein, the judgment appealed from is reversed, and the case is remanded to the Circuit Court for the passage of an appropriate order sending it back to the South Carolina Industrial Commission for the taking of

534

additional testimony, if necessary, and for it to pass upon, (1) whether the failure to give notice of the alleged accident without the statutory period was excusable, and (2) whether the employer was prejudiced by the failure to give such required notice.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.