17325

MADELINE C. GRAY, Appellant, v. LAURENS MILL and LIBERTY MUTUAL INS. CO., Respondents

(99 S. E. (2d) 36)

*R. L. Gray, Esq.*, of Laurens, *for Appellant,*

*O. L. Long, Esq.*, of Laurens, *for Respondent,*

July 12, 1957.

OXNER, Justice.

This is an appeal from an order of the Circuit Court denying a claim for compensation upon the ground that claimant failed to give her employer notice of the accident within the time required by Section 72-301 of the 1952 Code, which is as follows:

"Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give or cause to be given to the employer a written notice of the accident and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Title prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person. But no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."

Section 72-302 provides in part:

"The notice * * * shall state * * * the time, place, nature and cause of the accident and of the resulting injury or death. * * * No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby and then only to the extent of such prejudice * * *."

Claimant admits that she did not give written notice of her accident to her employer within thirty days but contends

that her foreman witnessed it, that she thought she had sustained only a trivial injury which would not result in disability, and that she gave the required notice as soon as it become apparent that her injury would probably result in compensable disability. The hearing Commissioner, in awarding compensation, found that the employer had knowledge of the accident and was not prejudiced by the delay in giving formal notice. His opinion was affirmed by a majority of the full Commission. Neither the single Commissioner nor the full Commission made any finding with reference to whether there was a reasonable excuse for the delay in giving notice of the accident. In reversing the award for compensation, the Circuit Judge held that the employer did not have "knowledge of the accident", that no reasonable excuse was shown for the failure to give the notice within the time required, and that the employer was prejudiced thereby.

The exceptions of claimant are to the effect that the Circuit Judge erred in holding (1) that there was no reasonable excuse for failure to give notice of the accident within the time required by Section 72-301, and (2) that the employer was prejudiced by the delay in giving the required notice. Claimant contends that under the evidence these were questions of fact for determination by the Industrial Commission.

Since no finding with respect to the first question was made by the Industrial Commission, we must decline to pass upon it and the Circuit Judge was in error in undertaking to do so. *Harpe v. Kline Iron & Metal Works,* 219 S. C. 527, 66 S. E. (2d) 30, 32. It was there stated with reference to the "reasonable excuse" and "prejudice" provisions of Section 72-301 that "a direct and positive ruling by said Commission thereabout is necessary, it being made the fact finding body or agency as to such defense."

In the *Kline case* the Industrial Commission made no finding either as to excuse for failure to give timely notice or as to whether the employer had been prejudiced thereby. On appeal the Circuit Judge held that the employer had not been

prejudiced but did not discuss or pass upon the question of whether the failure to give timely notice was excusable. On appeal to this Court it was held that under these circumstances the case should be remanded to the Industrial Commission for the purpose of determining "(1) whether the failure to give notice of the alleged accident without the statutory period was excusable, and (2) whether the employer was prejudiced by the failure to give such required notice."

Nor do we think we should now undertake to pass upon the question of whether the employer was prejudiced by the failure to give timely notice. As pointed out in the *Kline case,* lack of prejudice does not justify compensation unless the requirement of reasonable excuse is also satisfied. There is an additional reason for not going into this question. In the opinion of the hearing Commissioner, which was adopted by the full Commission, there is no discussion of the facts with reference to prejudice. All that his opinion ˙discloses is a conclusion "that the defendants have not been prejudiced in their investigation of the claimant's claim." We are given no information as to the facts upon which this general finding was based. As pointed out in *Singleton v. Durham Laundry Co.,* 213 N. C. 32, 195 S. E. 34, 35, the Commission should "make such specific and definite findings upon the evidence reported as will enable this court to determine whether the general finding or conclusion should stand, particularly when there are material facts at issue." Also, see *Bloomfield v. November,* 219 N. Y. 374, 114 N. E. 805, 806. In the last mentioned case, the Court said:

"The Legislature has enumerated reasonable conditions under which failure to serve the notice may be excused, and we think that the attention of the commission should be fastened upon the question whether upon the proofs in a given case the circumstances do exist which are sufficient to justify such failure, and that if they do exist that fact should be properly stated as one of the facts which constitute the basis of the award. We do not think that it is good practice

that the service of such notice should be excused without any finding of the existence of conditions which justify such action on the part of the commission or statement even of the theory on which the excuse has been granted."

The record contains notice of two sustaining grounds by respondents. Neither of these grounds is discussed in the opinion of the Industrial Commission nor were they passed upon by the Circuit Judge. We leave them open for determination by the Industrial Commission.

The order of the Circuit Court is reversed and the case is remanded to that Court for the purpose of entering an appropriate order sending it back to the Industrial Commission for the taking of any additional testimony offered by the parties and passing upon all questions raised.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.