## 17640

Ernest STEED *et al.,* Respondents, v. MOUNT PLEASANT SEAFOOD·
COMPANY and Boston Insurance Company, Appellants

(113 S. E. (2d) 827)

*J. Preston Warren, Esq.,* of Charleston, *for Appellants,*

*Messrs. Steinberg, Levkoff & Spitz,* and *Sam I. Feldman,*
of Charleston, *for Respondents,*

April 7, 1960.

TAYLOR, Justice.

This is a workmen's compensation case wherein the employer and its insurance carrier are appealing from an Order of the Court of Common Pleas for Charleston County sustaining an Award of the South Carolina Industrial Commission.

Determination of whether there is competent evidence to support the findings of the Industrial Commission will dispose of the matter before us.

One W. D. Toler, d/b/a Mount Pleasant Seafood Company, owns and operates a dock and seafood packing plant on Shem Creek in Christ Church Parish, Charleston County. In connection with this business, he contracts with certain shrimp trawlers to deliver shrimp to his dock where they are unloaded and processed in the adjoining packing shed by being washed, headed, and graded. The trawlers upon arrival in the evening tie up to his dock and remain so for the night.

Ernest Steed, a colored boy approximately 15 years of age, was employed by Toler as a clean-up boy. Two other boys, George Douglas Smith, 14, and his brother, James Smith, 18, were also employed in the same capacity, their duties being to clean up the dock and packing shed after each trawler had been unloaded and to clean the grading machine after the shrimp had been graded, such duties to continue until the processing of the shrimp and the cleaning had been completed. The various trawlers would arrive at different times, and, frequently, lull periods would result when the processing of one load and the cleaning would be completed before the arrival of another trawler. During one

of such periods, at approximately 7:30 P.M., July 29, 1958, immediately after the dock which extends over Shem Creek had been washed, the Smith boys went swimming, leaving the deceased, Ernest Steed, standing near the edge of the dock watching. All three had been wearing swimming trunks and rubber boots while washing the dock with a hose connected to a sea pump but had removed their boots upon completion of their task.

While the Smith brothers were yet in the water, their attention was drawn to a heavy splash caused by Steed diving or falling into the water. One of the boys, George Douglas Smith, managed to get him by the hand but was unable to save him as he made no effort to swim causing both to be carried to the bottom of the creek where Smith was forced to release his hold in order to save himself.

There is testimony to the effect that deceased could not swim and had borrowed a pair of swimming trunks from a boy working on a nearby boat for the purpose of washing his employer's dock and packing shed because the force of the water from the sea pump was such as to wet those who performed such work; that the deceased made no mention of going swimming to the Smith brothers and that nothing was said about going swimming when he borrowed the trunks; that he had a fear of drowning and had never before gone in the water on similar occasions. There is also testimony that the employer had knowledge of other employees going swimming during the lull periods and that while he had not expressly permitted it neither had he forbidden such practice.

There is some testimony contrary to some of that referred to above, this being to the effect that the deceased had stated that he had learned to swim and was going swimming and that the deceased had never worn swimming trunks to clean and wash the premises prior to this occasion.

It is hardly necessary to cite authority for the well established principle of law that the Industrial Commission is the fact-finding body; and this Court and

the Circuit Court both being appellate Courts in workmen's compensation matters, can only review the facts to determine whether or not there is any competent evidence to support the fact-finding body. If there is, both this Court and the Circuit Court are without power to pass upon the force and effect of such evidence. *Rudd v. Fairforest Finishing Co.*, 189 S. C. 188, 200 S. E. 727; *Ham v. Mullins Lumber Co.*, 193 S. C. 66, 7 S. E. (2d) 712; *Jones v. Anderson Cotton Mills*, 205 S. C. 247, 31 S. E. (2d) 447; *Radcliffe v. Southern Aviation School*, 209 S. C. 411, 40 S. E. (2d) 626; *Hiers v. Brunson Construction Co.*, 221 S. C. 212, 70 S. E. (2d) 211; *Mason v. Woodside Mills*, 225 S. C. 15, 80 S. E. (2d) 334; *Whitfield v. Daniel Construction Co.*, 226 S. C. 37, 83 S. E. (2d) 460; *Wilson v. City of Darlington*, 229 S. C. 62, 91 S. E. (2d) 714; *Leonard v. Georgetown County*, 230 S. C. 388, 95 S. E. (2d) 777. When there is a conflict in the evidence either of different witnesses or of the same witness, the findings of fact of the Industrial Commission, as triers of fact, are conclusive. *Cokeley v. Robert Lee, Inc.*, 197 S. C. 157, 14 S. E. (2d) 889; *Gurley v. Mills Mill*, 225 S. C. 46, 80 S. E. (2d) 745.

Under the evidence presented, the question of whether the deceased dived into the water voluntarily or accidentally fell into it and was drowned is a question to be determined by the fact-finding body.

"Unwitnessed deaths have posed grave problems for many learned judges. The distinction between reasonable inferences (which are compensable) and speculation, conjecture and surmise (non compensable) often baffle the wisest. The courts however, usually abide by the decision of the fact-finding body unless it can be said that taking all the factors into account it drew an inference that no reasonable man could draw. See *Owens v. Ocean Forest Club, supra; Ferguson v. State Highway Department, supra;* and Horovitz on Workmen's Compensation, 133-134." *Buff v. Columbia Baking Company*, 215 S. C. 41, 53 S. E. (2d) 879, 883.

For the foregoing reasons, we are of opinion that it cannot be said that the finding of the Industrial Commission is not supported by competent evidence, that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.