18384

Virginia M. MIZE, Respondent, v. SANGAMO ELECTRIC
COMPANY and The Travelers Insurance Company, Appellants
(143 S. E. (2d) 590)

*Messrs. Watkins, Vandiver, Kirven & Long,* of Anderson,
*for Appellants,*

*Messrs. G. Ross Anderson, Jr.* and *Robert O. Dupre;* of Anderson, *for Respondent,*

July 26, 1965.

TAYLOR, Chief Justice.

The Respondent-employee claims benefits under the South Carolina Workmen's Compensation Act for partial and permanent disability resulting from an alleged accident arising out of and in the course of her employment with Appellant, Sangamo Electric Company. Appellants resisted the claim on the grounds that notice to the employer was not given as required by Section 72-301, Code of Laws of South Carolina, 1962, that claim was not filed with the Industrial Commission as required by Section 72-303, Code

of Laws of South Carolina, 1962, and that the claimed injury of Respondent did not arise out of and in the course of her employment.

After hearing thereon, the Hearing Commissioner filed his Opinion and Award favorable to Respondent; the same was affirmed· by a Majority of the Full Commission on review; and, in turn, affirmed by the Circuit Court.

Section 72-301, Code of Laws of South Carolina, 1962, provides that:

"Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give or cause to be given to the employer a written notice of the accident and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Title prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person. But no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."

Section 72-303, Code of Laws of South Carolina, 1962, provides:

"The right to compensation under this Title shall be forever barred unless a claim is filed with the Commission within one year after the accident and, if death resulted from the accident, unless a claim be filed with the Commission within one year thereafter. The filing required by this section may be made by registered mail, and such registry within one year after the accident and, if death resulted from the accident, such registry within one year thereafter, shall be sufficient."

In instant case, Respondent did not give written notice of her accident to her employer within the thirty days, but she contends her injury was reported to her immediate supervisor. There is no finding in either the Opinion and Award of the Hearing Commissioner or in the Opinion and Award of the Majority of the Industrial Commission as to whether there was reasonable excuse for the failure to give notice of the accident within the time required by Section 72-301 or whether the employer was prejudiced by the delay in giving the required notice.

This case, must, therefore, be remanded to the Commission for the purpose of determining whether there was reasonable excuse for the failure to give the required notice of the accident and whether the employer was prejudiced thereby, *Harpe v. Kline Iron and Metal Works*, 219 S. C. 527, 66 S. E. (2d) 30; *Gray v. Laurens Mill*, 231 S. C. 488, 99 S. E. (2d) 36; and *Drake v. Raybestos-Manhattan, Inc.*, 241 S. C. 116, 127 S. E. (2d) 288.

The Hearing Commissioner found that on December 14, 1962, Respondent, while an employee of the Appellant-employer, sustained an injury by accident arising out of and in the course of her employment; however, no finding was made as to whether she filed her claim with the Commission within one year after the accident as required by Section 72-303.

The duty is placed upon the Commission to determine the factual issues and neither this Court, nor the Circuit Court, has the authority to determine factual issues, except in jurisdictional matters, *Drake v. Raybestos-Manhattan, Inc., supra,* 241 S. C. 116, 127 S. E. (2d) 288. Section 72-303 is a Statute of Limitations, *Hoke v. Cherokee County,* 216 S. C. 376, 58 S. E. (2d) 330; and when compliance therewith is an issue between the parties, it is the duty of the Commission to make a specific finding thereon.

For the foregoing reasons, we are of opinion that the Order of the Circuit Court should be reversed and the case remanded to that Court for the purpose of entering an appropriate Order sending it back to the Industrial Commission for the taking of such additional testimony as the parties may offer and making factual findings in accordance with the above; and it is so ordered. Reversed and remanded.

MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.