18585

Alvin MARLOW, Jr., Respondent, v. E. L. JONES & SON, INC., and Hardware Mutual Casualty Company, Appellants

(151 S. E. (2d) 747)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, *for Appellants,*

*John Bolt Culbertson, Esq.,* of Greenville, *for Respondent.*

December 8, 1966.

BRAILSFORD, Justice.

In this workmen's compensation case the issue is whether the claimant, Alvin Marlow, Jr., was a covered employee or an independent contractor on August 24, 1964, when he sustained an accidental injury. This issue is jurisdictional and the court has the power and duty to consider all of the evidence and reach its own conclusion therefrom. *Allen v. Phinney Oil Co.,* 241 S. C. 173, 127 S. E. (2d) 448.

The claimant, his brother, Lewis Marlow, and one Clinton Brown were regularly employed at a textile mill in Greenville County. They were also skilled roofers and moonlighted together at this trade. They roofed for a number of contractors, including E. L. Jones & Son, Inc. With rare exceptions, they were compensated at a certain rate per square of roofing applied. They guaranteed their work and on receiving any complaint made inspections and repairs without charge. On the date of claimant's injury, the three men were roofing a house for the Jones company. Brown told the Marlows that a complaint had been received about

the roof at nearby Matthews Plumbing Company, which they had applied for Jones sometime before. The two brothers went to inspect this roof that afternoon and claimant was accidently injured while leaving the building.

The claim was prosecuted before the hearing commissioner on the theory that claimant was an employee of the Jones company. The commissioner found, instead, that he was an independent contractor. On appeal, the full commission reversed and held that claimant was "an employee of a subcontractor of E. L. Jones & Son, Inc.," making the Jones company liable as statutory employer. Sec. 72-112, Code of 1962. The circuit court affirmed without a discussion of the evidence. The commission did not identify claimant's subcontractor employer, but the clear inference is that the reference was to claimant's brother or to Brown or to both of them.

"Before the provisions of the Workmen's Compensation Act can become applicable, the relation of master and servant, or employer and employee, or some appointment must exist. This is the initial fact to be established, * * *.

* * *

"* * * the burden of proving the relationship of employer and employee is upon the claimants, * * *. And this proof must be made by the greater weight of the evidence. * * *" *Holland et al. v. Georgia Hardwood Lumber Co., et al.,* 214 S. C. 195, 198, 199, 51 S. E. (2d) 744, 746.

In *McDowell v. Stilley Plywood Company,* 210 S. C. 173, 41 S. E. (2d) 872, McDowell became associated with Anderson in carrying out a logging operation which Anderson was performing for Stilley Plywood Company as an independent contractor. McDowell was killed on the job and a claim was made under the Act. Holding that McDowell was a partner in the logging operation and not an employee, the court said:

"The precise issue under discussion has not heretofore come before the courts of this State, although the opinions

in our cases hereinbefore cited indicate that a subcontractor is not a 'workman' or employee within the terms of the Act. * * * "The wording of the applicable section of the Workmen's Compensation Act in this State, (now Code section 72-112) it seems to us, clearly evinces an intention on the part of the Legislature not to include therein a subcontractor or independent contractor, but only workmen or employees of either the 'owner' or of the subcontractor; and that therefore the legal maxim, *expressio unius est exclusio alterius,* is here applicable." 41 S. E. (2d) 876.

"Working partners" are not employees. Larson's Workmen's Compensation Law, Sections 54.30-54.32.

The roofers were not employees of the Jones company. They set their own hours, were not subject to supervision or control as to the manner of executing the work, hired additional personnel at their discretion, and were compensated at a fixed rate per square. Jones looked only to the end result of their work. The commission has correctly decided that the roofing jobs were performed as subcontracts. However, we find no support in the evidence for the commission's conclusion that claimant was an employee of either or both of his associates.

While Brown was the contact man with Jones, as between themselves the three roofers were on an equal basis and regarded each other as partners. We quote sparingly from the testimony.

Alvin Marlow, Jr.:

"Q. And you and your brother and Mr. Brown do this work and you get paid the same thing if you work the same amount of time?

"A. That's right.

"Q. You, and your brother and Mr. Brown are more or less partners?

"A. We split what we make.

"Q. You split it right down the middle, huh, three ways —depending upon the circumstances?

"A. Unless we hire somebody to tote shingles and then we have to pay them.

"Q. As far as you three are concerned you are equal partners in the business? Is that correct?

"A. Uh, huh.

\* \* \*

"Q. And Mr. Jones doesn't care whether you do the work, Mr. Brown does it or your brother does it or all three of you, is that right?

"A. That's right.

"Q. When you go to work and when you get off from work, that's your business?

"A. That's right."

Clinton Brown:

"Mr. Brown, the gist of the thing is that you and Mr. Lewis Marlow and Mr. Alvin Marlow are more or less partners in the business of doing roofing work?

"A. That's right.

"Q. And you do your roofing work when you are not in the Mill?

"A. That's right.

"Q. And you have an oral understanding with Mr. E. L. Jones and have had one since you have been in the general contracting business whereby he would sub-let or sub-contract roofing jobs to you?

"A. That's right.

"Q. And your partners, is that correct?

"A. Yes, sir."

All of the other evidence on the point is consistent ■ with the foregoing excerpts from the testimony.

There is no evidence to meet the burden resting upon claimant to establish that he was a workman employed by the Jones company or by a subcontractor performing work undertaken by that company. It is unnecessary to apply a legal term to the relationship between the three roofers. It is clear that claimant was not an employee of either or

both of his associates. This conclusion makes it unnecessary to consider whether claimant's injury was sustained while he was in the performance of work undertaken by the Jones company within the meaning of section 72-112, *supra*.

Reversed.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting J., concur.