18729

Colie L. DAWKINS, Respondent, v. CAPITOL CONSTRUCTION COMPANY and United States Fidelity and Guaranty Company, Appellants.

(158 S. E. (2d) 651)

*Bernard Manning, Esq.,* of Columbia, *for Appellants,*

*Messrs. Luther M. Lee* and *Dallas D. Ball,* of Columbia, *for Respondent,*

*Bernard Manning, Esq.,* of Columbia, *for Appellants,* in Reply,

November 27, 1967.

GEORGE T. GREGORY, JR., Acting Associate Justice.

This is a workman's compensation case on appeal to this court by the employer and carrier from an order of the circuit court granting compensation.

Claimant injured his right ankle when working in Charleston, South Carolina, on April 14, 1965. The testimony as to the circumstances under which he was injured is in conflict. The employer, Ernest W. Medlin, was doing business under the name of Capitol Construction Company and is hereafter referred to as Medlin. Medlin admitted that he employed claimant during the week beginning April 12, 1965, as a welder. Medlin was on the job site when claimant was injured and claimant verbally reported the injury to Medlin immediately after being injured, but did not make a written report of the accident until his attorney wrote to the Industrial Commission requesting a hearing by letter dated September 14, 1965. Claimant did not consult a physician for treatment of the injury until September 14, 1965. Claimant's testimony shows that he worked for Medlin until May 22, 1965, and then worked for Trojan Steel Corporation, Columbia, South Carolina, from May 22, 1965, until September 14, 1965.

The first issue presented by this appeal relates to claimant's employment at the time of his accidental injury on April 14, 1965. Was he a covered employee of Medlin? This issue is jurisdictional and the court has the power and duty to consider all of the evidence and reach its own conclusion therefrom. *Allen v. Phinney Oil Co.,* 241 S. C. 173, 127 S. E. (2d) 448.

Claimant testified that he was injured while welding bar joists to the steel frame of a building under construction for the Jewish Community Center; that Medlin had a subcontract for the erection of the steel frame for the building; that Medlin personally paid him in cash each weekend in Columbia, South Carolina; that claimant rode from his home in Columbia to Charleston each Monday in a truck owned

by Medlin and returned to Columbia from Charleston in the truck each Friday; that Medlin carried claimant to Columbia to visit a physician when his eye was injured on the job. Medlin contended that he did not have a subcontract to erect the steel frame for the building and that claimant was employed by Frank Sims at the time of the accidental injury, April 14, 1965.

"Before the provisions of the Workmen's Compensation Act can become applicable, the relation of master and servant, or employer and employee, or some appointment must exist. This is the initial fact to be established   *   *   *.

*   *   *

"*   *   *   the burden of proving the relationship of employer and employee is upon the claimants,   *   *   *.   And this proof must be made by the greater weight of the evidence. * * * *Holland et al. v. Georgia Hardwood Lumber Co. et al.,* 214 S. C. 195, 51 S. E. (2d) 744. *Marlow v. E. L. Jones & Son, Inc.,* 248 S. C. 568, 151 S. E. (2d) 747."

The greater weight of the evidence in this case supports the finding that claimant was an employee of Medlin, April 14, 1965, when he received the accidental injury.

The second question relates to probable cause. By it, appellants contend that the Commission erred in determining that the injury of April 14, 1965, was the probable cause of claimant's present disability, since claimant worked steadily for five months following the injury, did not see a physician until September 14, 1965, and it is claimed that there was an independent intervening injury which necessitated treatment of the ankle in September, 1965. The testimony of Dr. David E. Holler, the attending physician, clearly indicates that the subsequent injury suffered by claimant when he jumped over a log while deer hunting in late August or early September, 1965, could not have caused the disability to claimant's ankle which he found upon examining and treating claimant on September 14, 1965, and subsequent thereto. His testimony further indicates that the disability was most probably caused by an injury occurring two, three

or four months prior to September 14, 1965, and possibly a year earlier.

"It is the law of this State that a claimant must establish by the preponderance of the evidence the facts which will entitle him to an award under the Workmen's Compensation Act. *Fowler v. Abbott Motor Co., et al.,* 236 S. C. 226, 113 S. E. (2d) 737; and *Glover v. Columbia Hospital,* 236 S. C. 410, 114 S. E. (2d) 565. We have also held that in workmen's compensation cases the Industrial Commission is the fact-finding body; and this Court and the Circuit Court, both being Appellate Courts in workmen's compensation matters, can only review the facts to determine whether or not there is any competent evidence to support the findings of the fact-finding body. If there is, both this Court and the Circuit Court are without power to pass upon the force and effect of such evidence. When there is a conflict in the evidence, either of different witnesses or of the same witness, the findings of facts of the Industrial Commission, as triers of fact are conclusive. *Steed, et al. v. Mount Pleasant Seafood Co., et al.,* 236 S. C. 253, 113 S. E. (2d) 827, and the cases therein cited." *Walsh v. United States Rubber Company, et al.,* 238 S. C. 411, 120 S. E. (2d) 685.

The record contains ample evidence to support the findings of the Commission that the April 14, 1965, injury was the proximate cause of claimant's disability.

By the third question appellants contend that the Commission did not find as a fact that the claimant had an excuse for his failure to file written notice to the accident within thirty days after the injury; that claimant did not have reasonable excuse; that no facts were stated by the Commission to sustain the conclusion that the appellants were not prejudiced by the failure to file a timely report and that appellants were prejudiced by that omission.

Section 72-301 of the 1962 Code is as follows:

"Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give or cause to be given to the employer

a written notice of the accident and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Title prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person. But no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

Section 72-302 provides in part:

"The notice * * * shall state * * * the time, place, nature and cause of the accident and of the resulting injury or death. * * * No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby and then only to the extent of such prejudice * * *."

Claimant did not give written notice of his accident within thirty days. There was no finding by the Commission that claimant's failure to file written notice within thirty days was excusable. While the Commission did conclude that the appellants were not prejudiced by the failure to file timely notice, the Commission states no facts to substantiate this conclusion.

"Since no finding with respect to the first question was made by the Industrial Commission, we must decline to pass upon it and the Circuit Judge was in error in undertaking to do so. *Harpe v. Kline Iron & Metal Works*, 219 S. C. 527, 66 S. E. (2d) 30, 32. It was there stated with reference to the 'reasonable excuse' and 'prejudice' provision of Section 72-301 that 'a direct and positive ruling by said Commission thereabout is necessary, it being made the fact finding body or agency as to such defense.'

"In the Kline case the Industrial Commission made no finding either as to excuse for failure to give timely notice or as to whether the employer had been prejudiced thereby. On appeal the Circuit Judge held that the employer had not been prejudiced but did not discuss or pass upon the question of whether the failure to give timely notice was excusable. On appeal to this Court it was held that under these circumstances the case should be remanded to the Industrial Commission for the purpose of determining '(1) whether the failure to give notice of the alleged accident within the statutory period was excusable, and (2) whether the employer was prejudiced by the failure to give such required notice.'

"Nor do we think we should now undertake to pass upon the question of whether the employer was prejudiced by the failure to give timely notice. As pointed out in the Kline case, lack of prejudice does not justify compensation unless the requirement of reasonable excuse is also satisfied. There is an additional reason for not going into the question. In the opinion of the hearing Commissioner, which was adopted by the full Commission, there is no discussion of the facts with reference to prejudice. All that his opinion discloses is a conclusion 'that the defendants have not been prejudiced in their investigation of the claimant's claim.' We are given no information as to the facts upon which this general finding was based. As pointed out in *Singleton v. Durham Laundry Co.,* 213 N. C. 32, 195 S. E. 34, 35, the Commission should 'make such specific and definite findings upon the evidence reported as will enable this court to determine whether the general finding or conclusion should stand, particularly when there are material facts at issue.' " *Gray v. Laurens Mill, et al.,* 231 S. C. 488, 99 E. S. (2d) 36.

We concur in the holding of the circuit court that at the time of his injury on April 14, 1965, respondent was a covered employee of the appellant Medlin, doing business under the name of Capitol Construction Company, and in its holding that the injury sustained on

that date was due to accident in the course and scope of claimant's employment and was the cause of his present disability. But since the Commission made no proper finding on the issues of "reasonable excuse" and "prejudice", Code, 1962, Section 72-301, and since the circuit court was without power to decide those issues initially, the order appealed from its reversed and the case is remanded to that court for entry of an appropriate order sending it back to the Industrial Commission to take such testimony on the issues of reasonable excuse and prejudice as the parties may offer, and to make such specific and definite findings thereon as would enable an appellate court to determine whether the general finding in favor of the respondent should stand or fall.

Reversed and remanded.

Moss, C. J., and Lewis, J., and Lionel K. Legge, Acting Associate Justice, concur.

Bussey, J., dissents.

Bussey, Justice (dissenting) :

Being of the view that the judgment of the lower court should be affirmed, as rendered, I, in part, most respectfully dissent.

I think this case is clearly distinguishable from *Gray v. Laurens Mills, et al.,* 231 S. C. 488, 99 S. E. (2d) 36, the cases therein cited, and *Mize v. Sangomo Elec. Co.,* 246 S. C. 307, 143 S. E. (2d) 590, which followed the Gray case. Here the employer, an individual, was on the job site when claimant was injured and admittedly had actual knowledge of the accident and injury by virtue of the immediate oral report to him by the employee. Substantially in point factually, and therefore in my view controlling, are the decisions of this court in *Buggs v. United States Rubber Co.,* 201 S. C. 281, 22 S. E. (2d) 881; *Strawhorn v. J. A. Chapman Const. Co.,* 202 S. C. 43, 24 S. E. (2d) 116; *Raley v. City of Camden,* 222 S. C. 303, 72 S. E. (2d) 572; and *Ricker v. Village Management Corp.,* 231 S. C. 47, 97 S. E. (2d) 83.