17466

Madeline C. GRAY, Appellant, v. LAURENS MILL and Liberty Mutual Insurance Co., Respondents

(105 S. E. (2d) 409)

*R. L. Gray, Esq.,* of Laurens, *for Appellant,*

*O. L. Long, Esq.,* of Laurens, *for Respondents,*

October 27, 1958.

STUKES, Chief Justice.

Background of this case will be found in the report of a former appeal of it. 231 S. C. 488, 99 S. E. (2d) 36. It will be noted that after award of compensation to claimant by the Industrial Commission it was reversed by the circuit court. The latter judgment was reversed by this court and remand directed to the Commission for the taking of additional testimony which might be offered by the parties, and for the

purpose of passing upon all questions raised. The grounds of reversal were that the Commission had not passed upon the "reasonable excuse" required by Code, Section 72-301 for the failure to give timely notice of accident and had not discussed the facts upon which the finding of lack of prejudice to the employer was predicated.

The parties elected not to offer additional evidence and the claim was reheard upon the existing record. The Hearing Commissioner found reasonable excuse for the failure of claimant to give the required notice of accident, and also found that the employer was not prejudiced by the delay, whereupon he reinstated the award. However, upon review the majority of the Commission reversed the award of the Hearing Commissioner and dismissed the claim for failure of compliance with the statutory requirement of notice of the accident and because of resulting prejudice to the employer, which the court affirmed upon appeal.

The latter judgment must be affirmed. As it concludes, the factual findings of the Commission are supported by competent evidence, which makes them binding upon the court. Code, Sec. 72-356. 19 S. C. Dig., Workmen's Compensation, 1939, p. 576.

No useful purpose would be served by review of the evidence, especially because counsel argues not so much that there was no supporting evidence but rather that the original findings of the Commission became "the law of the case." This is utenable because the remand was, quoting from the mandate of this court in the first appeal, "sending it back to the Industrial Commission for the taking of any additional testimony offered by the parties and passing upon all questions raised." 231 S. C. 493, 99 S. E. (2d) 38. The quoted words are also contained in the Statement in the Transcript of Record for the instant appeal, by which the parties are bound.

Affirmed.

TAYLOR, OXNER, LEGGE and Moss, JJ., concur.