16453

MINTZ v. FISKE-CARTER CONST. CO. *ET AL.*

(63 S. E. (2d) 50)

410

*Messrs. DePass & DePass,* of Spartanburg, *for Appellant,*

*Messrs. Perrin, Ward & Perrin,* of Spartanburg, *for Respondents,*

January 9, 1951.

STUKES, Justice.

The Court of Common Pleas reversed an award of workmen's compensation by the Industrial Commission, whence

this appeal. Claimant, who was a plasterer, and his helper testified to a fainting spell and resulting fall from a low scaffold, three and a half to four feet in height, on July 28, 1947. Claimant finished his day's work, went home complaining of being sick, he and his wife said, and that night suffered a cerebral hemorrhage which caused partial paralysis. The employer's superintendent heard next day that claimant had died (the helper did not return to work either) and he went to his house and saw his wife and daughter. They reported that claimant had a stroke the night before. Nothing was said about an accident. The testimony, although in conflict, is convincing that a few days afterward the superintendent again went to the home of claimant and found the latter up and talked to him. Claimant instructed him as to the disposition of his tools. A week later the superintendent saw claimant again at his home and talked to him. Claimant made no mention of a fall or other accident. He had previously been in poor health, with stomach ulcer, heart trouble and hypertension, as testified by his attending physician who was produced as a witness by the employer. He had worked intermittently for many years for his employer who tried to give him light work.

The first information which was received by the employer of the claimed accidental fall was by telephone message from claimant on January 27, 1948. It is undisputed that there was no former report of any nature to the employer of the alleged accident. Claimant's testimony on cross-examination thereabout was as follows:

"Q. The first time you told anybody about this alleged accident was in January, this year, when you told Mr. Poteat? A. Yes, sir; I called him up, called Mr. Mack, and Mr. Mack told me to talk to Mr. Poteat.

"Q. When did you call Mr. Mack? A. That same day.

"Q. January, this year? A. I think it was this year.

"Q. Was it about the end of January? A. I am going to tell the truth, I don't know. It was after Christmas."

"Q. You called Mr. Mack? A. Yes ,and he told me to get in touch with Mr. Poteat.

"Q. Then you called Mr. Poteat? A. Yes, sir.

"Q. And had conversation with him on the phone? A. No, sir; he told me to come out there the next day or something.

"Q. Did you go the next day? A. Yes, sir; I went the day he told me to come.

"Q. Did you tell him you had fallen and hurt your hip and shoulder? A. Yes, sir.

"Q. Told him it happened July 28th? A. Yes, sir.

"Q. That was the first time you had told anyone at Fiske-Carter you had been hurt? A. I hadn't seed nobody.

"Q. That was the first time you told anybody you had been hurt? A. Yes, sir; there was nobody there to tell."

At the hearing upon the claim the employer and the insurance carrier denied causal accident and expressly pleaded sections 7035-25, 26, of the Code, which are as follows:

"Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this article prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, or the fraud or deceit of some third person; but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the industrial commission for not giving such notice, and the commission is satisfied that the employer has not been prejudiced thereby.

"The notice provided in the foregoing section shall state in ordinary language the name and address of the employee,

the time, place, nature, and cause of the accident, and of the resulting injury or death; and shall be signed by the employee or by a person on his behalf, or in the event of his death, by anyone or more of his dependents, or by a person in their behalf.

"No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby, and then only to such extent as the prejudice.

"Said notice shall be given personally to the employer or any of his agents upon whom a summons in civil action may be served under the laws of the State, or may be sent by registered letter addressed to the employer at his last known residence or place of business."

The hearing commissioner awarded compensation without discussion of the jurisdictional defense of no timely notice. Upon review the commission similarly disregarded it. Upon appeal, the court noticed but did not pass upon it; however, the award was set aside upon the ground that there was no evidence of causal connection between the alleged accident and the subsequent disability by paralysis. Upon appeal by claimant to this court the point of lack of timely notice has been preserved by respondents by the inclusion in the record of it as an additional ground to sustain the judgment of the lower court and we think the bar of it is so obvious that it should control the disposition of the appeal.

"* * * But no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the industrial commission for not giving such notice, and the commission is satisfied that the employer had not been prejudiced thereby" is plain and mandatory. The commission made no findings of "reasonable excuse" or absence of prejudice to the employer and clearly could not do so in view of the contents

of the record, to which we have made some reference. In addition it should be said that it affirmatively shows handicap of the employer in presenting its defense, because of the absence of earlier notice than six months.

The cited sections of the compensation act were considered in *Buggs v. U. S. Rubber Co.,* 201 S. C. 281, 22 S. E. (2d) 881, and *Strawhorn v. J. A. Chapman Construction Co.,* 202 S. C. 43, 24 S. E. (2d) 116, where they were held to be there inapplicable. A mere reading of these decisions shows the vast differences in the facts of those cases and the present, which need not be dwelt upon here. The subject of the requirement of notice of accident is treated at length in 71 C. J. 976 *et seq.,* where it is said at the outset of the discussion that the required notice is not to be treated as a mere formality or technicality and dispensed with as a matter of course, which seems to have been done here by the commission. It is also the subject of a series of valuable annotations in American Law Reports, the last in 145 A. L. R. 1263. It is concluded there, upon many authorities, that the provision for notice should be liberally construed in favor of claimants, but there are limitations upon that rule and the statutory requirement cannot be disregarded altogether. Its purpose is at least twofold; first, it affords protection of the employer in order that he may investigate the facts and question witnesses while their memories are unfaded, and second, it affords the employer opportunity to furnish medical care of the employee in order to minimize the disability and consequent liability upon the employer. 145 A. L. R. 1267. See also, 58 Am. Jur. 826 *et seq.,* Workmen's Compensation, Sec. 375 *et seq.* The case in hand is an apt illustration of the need for prompt notice. Witnesses called by the employer were uncertain in their recollections of the place and circumstances of claimant's work; and the employer was deprived of medical testimony of its own and had to rely upon the evidence of the physicians of claimant's choosing, whose testimony however did not substantiate the

contention of causal connection between the alleged accident and the closely following stroke of paralysis.

Appellant contends that his disability sufficiently excuses his failure to give notice of the alleged accident for six months and cites the insurance cases of *Jennings v. Clover Leaf Life & Cas. Co.*, 146 S. C. 41, 143 S. E. 668, and *Garner v. Volunteer State Life Ins. Co.*, 171 S. C. 1, 171 S. E. 370. But there is no evidence of such helplessness as would furnish reasonable excuse for the length of the time which elapsed. The nearest approach was the testimony of claimant's wife who said that he was in bed three months or more and, quoting, "has been walking, creeping around on a stick in the house and hasn't been anywhere." The record discloses that he had a telephone, or access to one, and knew how to use it; and this in addition to the visit or visits to his home by a representative of the employer. Moreover, as already said, the commission made no finding of excuse for failure to give the required notice.

The judgment is accordingly affirmed.

FISHBURNE, TAYLOR and OXNER, JJ., concur.

A. L. GASTON, A. A. J., not participating.