## 18911

Colie L. DAWKINS, Respondent, v. CAPITOL CONSTRUCTION COMPANY and United States Fidelity and Guaranty Company, Appellants

(167 S. E. (2d) 439)

*Bernard Manning, Esq.,* of Columbia, *for Appellants,*

*Messrs. Luther M. Lee* and *Dallas D. Ball,* of Columbia, *for Respondent*

May 1, 1969.

Bussey, Justice.

This is a Workmen's Compensation case in which the employee did not, within thirty day, give written notice in compliance with Secs. 72-301 and 72-302 of the 1962 Code of Laws. On a prior appeal, *Dawkins v. Capitol Construction Co.,* 250 S. C. 406, 158 S. E. (2d) 651 (1967), the cause was remanded to the Industrial Commission for the purpose of taking testimony and making specific factual findings as to whether or not there was reasonable excuse for failure to give the required written notice, and whether or not prejudice resulted to the employer from such failure.

Pursuant to such remand, another hearing was held, in the course of which rather voluminous testimony was taken. The Commission has now factually found that there was reasonable excuse; that the employer, an individual doing business as Capitol Construction Company, admitted having knowledge of the accident shortly after its occurrence, and that said knowledge was as "full of the pertinent facts as would have been disclosed by" the written notice, had such been given, and that there had been no showing of prejudice to the employer. The award of the Commission

was affirmed by the circuit court and the employer is here again as appellant.

Appellant's two exceptions contend that there was no evidence to support the findings of either reasonable excuse or lack of prejudice. The appellant's contentions, we think, are clearly without merit. A complete review of the rather voluminous testimony taken upon remand is, we thing, unnecessary. It is sufficient to say that even the employer testified to having, within moments after the accident on April 14, 1965, actual knowledge of every pertinent fact which would have been required to have been contained within the written notice had such been immediately given in accordance with the applicable Code sections. What neither employer nor employee then knew, and did not actually discover until a long time afterwards, was that the injury would later result in disablement. When the employee did become disabled, the employer filed with the Commission his initial report and such affirmatively showed that he had knowledge of the accident on the day thereof. The Commission has found as a fact that there was a reasonable excuse for the claimant not having given written notice within thirty days, and we conclude that such finding was amply supported by the evidence.

With respect to prejudice, the law of this State is settled that the burden is upon the employer to prove prejudice. Code Sec. 72-302; *Strawhorn v. J. A. Chapman Const. Co.,* 202 S. C. 43, 24 S. E. (2d) 116 (1943). It is also settled by our decisions that an employer cannot claim prejudice where its knowledge of the pertinent facts was as full as would be disclosed by the written notice, had such been given. *Strawhorn v. J. A. Chapman Const. Co.,* supra; *Teigue v. Appleton Co.,* 221 S. C. 52, 68 S. E. (2d) 878 (1952); *Raley v. City of Camden,* 222 S. C. 303, 72 S. E. (2d) 572 (1952); *Ricker v. Village Management Corp.,* 231 S. C. 47, 97 S. E. (2d) 83 (1957); *Mize v. Sangamo Electric Co.,* 161 S. E. (2d) 847 (S. C. 1968).

Aside from the fact that the employer here is in no legal position to claim prejudice, the evidence adduced by the employer fails to sustain the burden of showing that there was in fact prejudice to the employer resulting from the failure to give, within thirty days, written notice. The employer did offer evidence to the effect that earlier medical attention would have enabled the employer's doctor to better diagnose the nature and extent of the injury and that earlier treatment would have likely tended to lessen the disability which eventually occurred. Assuming that the failure to seek earlier medical attention worked to the prejudice of the employer, there is no evidence, we think, in the record tending to prove that such resulted from the failure to give the written notice within thirty days. It resulted rather from the failure of both the employer and the employee to apprehend the need of any prompt medical attention and their failure to anticipate that the injury, which caused no appreciable disability within the thirty day period, would prove several months after the expiration of such period to have disabling results.

We conclude that the findings of the Commission were fully supported by the evidence; that the exceptions of the Appellant are without merit, and the judgment of the lower court is accordingly,

Affirmed.

Moss, C. J., Lewis and Brailsford, JJ., and Frances B. Nicholson, Acting Associate Justice, concur.