623 S.E.2d 860

Mary LIZEE, Employee, Respondent,

v.

SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH,
Employer, and State Accident Fund, Insurance Carrier,
Appellants.

No. 4048.

Court of Appeals of South Carolina.

Heard Sept. 13, 2005.
Decided Nov. 21, 2005.
Rehearing Denied Jan. 19, 2006.

Matthew C. Robertson, Ajerenal Danley, and Cynthia Polk, all of Columbia, for Appellants.

E. Courtney Gruber and R. Walter Hundley, both of Charleston, for Respondent.

KITTREDGE, J.:

This is a workers' compensation appeal in which Respondent Mary Lizee was awarded benefits by the Workers' Compensation Commission. Lizee's employer, the South Carolina Department of Mental Health (the Department), appealed unsuccessfully to the circuit court and now appeals to us. We join the circuit court in affirming the Commission's finding that Lizee is permanently and totally disabled as a result of her July 15, 2000, work-related injury. We, however, reverse the Commission's finding that Lizee timely notified her "employer" of the injury as required by section 42–15–20 of the South Carolina Code and remand to the Commission for the purpose of determining (1) whether "reasonable excuse" has been made "for not giving [timely] notice," and (2) whether the employer has been "prejudiced thereby." S.C.Code Ann. § 42–15–20 (1985).

## FACTS/PROCEDURAL HISTORY

Mary Lizee alleged she was injured on July 15, 2000, while working as a nurse for the Department's Crisis Stabilization Unit. Lizee testified that a patient suffering from a severe diabetic reaction was running toward her and began to fall. According to Lizee, she "caught [the patient] and gently put

her down on the floor," which caused Lizee pain in her neck and back.

Lizee spoke with two Department employees about the incident on the day it occurred. The first of these was Matt Dorman, a health counselor for the Department. Dorman was part of the Department's "Mobile Crisis Unit," another mental health facility separate from where Lizee worked. On the day of the incident, however, Dorman was working with Lizee at the Crisis Stabilization Unit on a temporary, "fill-in" basis. Lizee described Dorman as "another mental health counselor," and she testified that Dorman had no supervisory authority over her and normally worked at a separate facility.

Dorman was present immediately following the incident. After the patient's needs had been addressed, Lizee told Dorman "what happened." Dorman suggested she complete a report of the incident. A report was completed, but Lizee was not sure whether she or Dorman filled it out. When asked if she reviewed the report, Lizee stated, "I kind of remember and don't remember." Although Dorman delivered a report of the incident "downtown," the record is devoid of evidence that the report contained any reference to Lizee's injury.

Lizee also reported the incident of the patient's fall to Julie Taylor, the program director for the Crisis Stabilization Unit and Lizee's immediate supervisor. Taylor was not working on the day of the incident. However, Lizee telephoned Taylor at her home shortly after the incident occurred and described what had happened. It is undisputed that Lizee did *not* inform Taylor of the injuries she suffered as a result of the incident, either on July 15 or the following Monday when Taylor returned to work or any other time.

Fourteen months later, Lizee filed a workers' compensation claim form (Form 50). The Department disputed the claim, contending that Lizee did not sustain a compensable injury and alternatively that she failed to provide timely notice of her alleged injury to the Department. The single commissioner found that Lizee was permanently and totally disabled as a result of the July 15, 2000 incident, and further found that Lizee gave timely and proper notice of the injury to the Department. The Department sought review to an appellate panel of the Commission, which affirmed the order of the

single commissioner. Appeal was taken to the circuit court, which affirmed the Commission. The Department now appeals to this court.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). Any review of the full commission's factual findings is governed by the substantial evidence standard. *Bursey v. South Carolina Dep't of Health & Envtl. Control*, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct.App. 2004); S.C.Code Ann. § 1–23–380(A)(6)(e) (2005). Accordingly, when confronted with a challenge to a factual determination by the Commission, this court's review is limited to deciding whether the Commission's decision is supported by substantial evidence. *Rodriguez v. Romero*, 363 S.C. 80, 84, 610 S.E.2d 488, 490 (2005). "Substantial evidence is not a mere scintilla of evidence, but is evidence that, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." *Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 622, 594 S.E.2d 272, 274 (2004). Conversely, where the Commission's decision is controlled by an error of law, this court's review is plenary. *Grant v. Grant Textiles*, 361 S.C. 188, 191, 603 S.E.2d 858, 859 (Ct.App.2004) (noting that "[a] reviewing court will not overturn a decision by the Workers' Compensation Commission unless the determination is unsupported by substantial evidence or is affected by an error of law").

## LAW/ANALYSIS

The Department argues the Commission's finding that Lizee is permanently and totally disabled as a result of the July 15, 2000 injury is not supported by substantial evidence and that the Commission's findings are not "sufficiently detailed." We disagree on both counts. The Commission, as the fact finder, found Lizee's testimony credible and assigned weight to the opinion of her treating physician, Dr. Donald Johnson, II. As to Lizee's claim of injury and disability, the record provides a sufficient basis under the substantial evi-

dence standard of review to affirm the Commission. Moreover, the claim of a deficient order—in connection with the injury and resulting disability—is manifestly without merit. Accordingly, the Commission's determination that the July 15 work-related injury rendered Lizee permanently and totally disabled is affirmed pursuant to Rule 220(b)(2), SCACR.[1]

■ The Department also argues the Commission's finding that Lizee provided timely and proper notice of her injury to her employer is erroneous and unsupported by substantial evidence. We agree.

■ Section 42–15–20 of the South Carolina Code (1985) initially provides that "notice of the accident" shall be given to the employer "within ninety days after occurrence of the accident." The claimant bears the burden of proving compliance with these notice requirements. *Lowe v. Am–Can Transport Services, Inc.,* 283 S.C. 534, 537–38, 324 S.E.2d 87, 89 (Ct.App.1984).

At issue here is the status of Matt Dorman. During oral argument, Lizee conceded that her ability to establish compliance with the notice provision of section 42–15–20 turns on whether Dorman may be fairly characterized as a "supervisor." *Etheredge v. Monsanto Co.,* 349 S.C. 451, 459, 562 S.E.2d 679, 683 (Ct.App.2002) (construing section 42–15–20 and concluding "that notice is adequate, when there is some knowledge of accompanying facts connecting the injury or illness with the employment, and signifying to a *reasonably conscientious supervisor* that the case might involve a potential compensation claim") (emphasis added); *see also Bass v. Isochem,* 365 S.C. 454, 617 S.E.2d 369, 379 (Ct.App.2005) (noting that "[w]hile the notice requirement must be construed liberally in favor of claimants, it is 'not to be treated as a mere formality or technicality and dispensed with as a matter of course.'") (quoting *Mintz v. Fiske–Carter Constr. Co.,* 218 S.C. 409, 414, 63 S.E.2d 50, 52 (1951)); 7 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law*

---

1. We address the merits of Lizee's disability claim in the interest of judicial economy and to increase the opportunity for finality on remand. *See Elam v. South Carolina Dep't of Transp.,* 361 S.C. 9, 26, 602 S.E.2d 772, 781 (2004); *Floyd v. Horry County School Dist.,* 351 S.C. 233, 234, 569 S.E.2d 343, 344 (2002).

§ 126.03[2][a] (2005) (noting that "[g]enerally, in order that the knowledge be imputed to the employer, the person receiving it must be in some supervisory or representative capacity, such as foreman, supervisor . . . ." (footnotes omitted)).

In the instant case, Lizee admitted she did not inform her supervisor, Julie Taylor, of the injury she suffered as a result of the July 15, 2000, incident. Indeed, Lizee testified she telephoned Taylor on July 15 to report that an incident had occurred involving a patient, but she did not inform Taylor of any injury she had sustained:

DEFENSE COUNSEL: Now, on Saturday, July 15, 2000, you did call Ms. Taylor at home, correct?

LIZEE: Yes.

DEFENSE COUNSEL: And you told Ms. Taylor that you had caught a patient from falling; is that correct?

LIZEE: Yes.

DEFENSE COUNSEL: You didn't tell Ms. Taylor that you had injured yourself; is that correct?

LIZEE: Right.

DEFENSE COUNSEL: And Ms. Taylor then came back to work on that following Monday; isn't that correct?

LIZEE: Yeah.

DEFENSE COUNSEL: And after you called Ms. Taylor on Saturday, July 15, and told her that you had caught a patient falling, you never told her that you had in fact had an accident on the job and that you had injured your back or your neck or any part of your body? You never told her that you injured yourself on Saturday, July 15th, isn't that correct?

LIZEE: Yes.

DEFENSE COUNSEL: And you never reported that you had injured yourself to anybody else at the Department of Mental Health; isn't that correct?

LIZEE: Yes.

The only person Lizee purportedly informed of her injury was Dorman, an individual Lizee described as "another counselor at the center" who Lizee admits did not serve in any supervisory capacity over her. As noted above, Dorman usually worked at another mental health facility and was working with

Lizee on a temporary or "fill-in" basis on the day of the incident. Indeed, when asked at the hearing who was "in charge" at the Crisis Stabilization Center on the July 15, 2000, Lizee testified she was.

■ After carefully reviewing this testimony and the record as a whole, we find Lizee's claimed attempt to notify the Department of her injury does not meet the standard contemplated under section 42–15–20. Under the facts and circumstances of this case, Lizee's decision to inform only Dorman deprived the Department of the notice it was entitled to receive under the statute. Generally, a mere co-worker has no duty to report or follow-up on an injury sustained by a fellow employee—especially in a large, complex organization such as the Department of Mental Health. There is certainly no evidence in the present case that Dorman, as simply "another counselor" from a separate facility, was under any such obligation. The requirement that notice be sufficient to put a "reasonably conscientious supervisor" on notice recognizes the fact that those charged with managing and supervising employees bear the responsibility of taking action and informing others in the organization's leadership structure of the need to take action to protect the interests of the employee and the organization. The record before us is devoid of any evidence that notice was provided to any supervisor or other person of comparable standing at the Department.

■ We now turn to the final provision in section 42–15–20 which provides that the failure to timely notify the employer does not automatically defeat a claim. The statute specifically states that the failure to provide notice precludes compensation "unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." S.C.Code Ann. § 42–15–20 (1985). In the present case, the Commission did not address this "reasonable excuse" and "prejudice" provision of the statute. Lizee's entitlement to compensation hinges on this very determination. We decline to make findings in this regard. *Gray v. Laurens Mill,* 231 S.C. 488, 491–93, 99 S.E.2d 36, 38 (1957) (noting that the Commission is required to make findings on the "reasonable excuse" and "prejudice," and a remand is appropriate when the Commission fails to make such findings); *Harpe v. Kline*

*Iron & Metal Works,* 219 S.C. 527, 532–33, 66 S.E.2d 30, 32 (1951) (holding that it is the Commission's function to make findings concerning the defense of reasonable excuse for failure to give notice and prejudice to the employer). Accordingly, we remand to the Commission to make findings as to the "reasonable excuse" and "prejudice" provision of section 42–15–20.[2]

## CONCLUSION

For the above stated reasons, the judgment of the circuit court—and hence the Commission—is affirmed in part, reversed in part and the case is remanded to the circuit court, which shall send the case back to the Commission. The Commission shall make specific findings as to the "reasonable excuse" and "prejudice" provision of section 42–15–20. The Commission may, in its discretion, take additional evidence to accomplish the remand objective.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

HEARN, C.J., and STILWELL, J. concur.

---

2. The Department opposes a remand since the claimant relied on having provided timely notice at the hearing. We believe remand is appropriate for four reasons. First, the informal nature of administrative proceedings before the Commission is inconsistent with the exacting procedural hurdles the Department seeks to impose on Lizee and claimants like her. *See* 82 Am. Jur. 2d *Workers' Compensation* § 516 (2005) ("Informal proceedings are encouraged in workers' compensation cases and are so designed that the commission can best ascertain the rights of the parties and prevent unnecessary delays, costly appeals, and rehearings."). Second, we adhere to the principle that workers' compensation laws in general, and notice requirements in particular, are to be liberally construed in favor of claimants and coverage. *Etheredge v. Monsanto Co.,* 349 S.C. 451, 458, 562 S.E.2d 679, 683 (Ct.App.2002). Third, the Commission's adoption of Lizee's position on notice removed the need for her to pursue the alternative "reasonable excuse" and "prejudice" prong of section 42–15–20. *See Harpe,* 219 S.C. at 533, 66 S.E.2d at 32 (noting that in cases where timely notice was found there was no discussion of "reasonable excuse" or "prejudice"). Finally, we recognize that it is not the claimant's burden to show the absence of prejudice, but it is the employer's burden to prove the presence of prejudice. *Dawkins v. Capitol Const. Co.,* 252 S.C. 536, 539, 167 S.E.2d 439, 440 (1969) (the burden of proving prejudice lies with the employer).