# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Richard A. Hartzell, Employee, Petitioner,

v.

Palmetto Collision, LLC, Employer and South Carolina Worker's Compensation Uninsured Employer's Fund, Respondents.

Appellate Case No. 2013-002611

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal from The Workers' Compensation Commission

Opinion No. 27620
Heard October 8, 2015 – Filed April 13, 2016

## REVERSED AND REMANDED

Kerry W. Koon, of Charleston, for Petitioner.

Kirsten Leslie Barr, of Trask & Howell, LLC, of Mount Pleasant, and Lisa C. Glover, of Columbia, both for Respondents.

**ACTING JUSTICE TOAL:** Richard Hartzell (Petitioner) appeals the court of appeals' decision reversing the South Carolina Workers' Compensation Commission's (the Commission) determination that he was entitled to medical benefits for a work-related back injury. *See Hartzell v. Palmetto Collision, L.L.C.,*

406 S.C. 233, 750 S.E.2d 97 (Ct. App. 2013). We reverse and remand.

## FACTUAL/PROCEDURAL HISTORY

In February 2009, Petitioner, who was fifty years old at the time, worked as an auto body paint technician for Palmetto Collision, LLC (Employer). According to Petitioner, on or around February 25, 2009, he injured his back while moving tires, rims, and heavy frame equipment while cleaning Employer's shop. Petitioner testified that he began experiencing lower back pain sometime in the late afternoon after completing the work, and felt very sore in his lower back the next day.

Petitioner testified that the day after the alleged injury, he told Employer's owner, Mike Stallings, that he was "pretty sore," and that he "must have hurt [himself]." According to Petitioner, Stallings suggested that Petitioner go to the emergency room if he was having problems. Petitioner did not seek any medical treatment at that time. Because business was slow, Petitioner ended his employment with Employer on March 20, 2009. Although Petitioner testified that he and Stallings discussed his back injury during the "last couple of weeks" during which he worked for Employer, he admitted that after ending his employment with Employer, he never further discussed his back injury or requested medical treatment from Employer.

Petitioner filed a workers' compensation claim on May 10, 2010, alleging a partial permanent injury to his back on approximately February 25, 2009, while moving an auto frame machine. Employer denied Petitioner's workers' compensation claim, alleging, *inter alia*, that Petitioner failed to provide notice of his injury as required by section 42-15-20 of the South Carolina Code. *See* S.C. Code Ann. § 42-15-20 (2015).

Commissioner Andrea Roche (the Single Commissioner) held a hearing on July 12, 2011. At the hearing, Stallings testified that Petitioner's Form 50 constituted the first notice he received that Petitioner was alleging a work-related injury. Stallings stated that he had no recollection of the conversation after Petitioner's alleged back injury in which Petitioner claimed that Stallings told him to go to the emergency room if he had injured his back. Stallings did not deny that the conversation occurred, only that it did not "ring a bell." Stallings also stated that Petitioner never mentioned his back injury after Petitioner stopped working for Employer.

The Single Commissioner issued an order finding that Employer was subject to the Workers' Compensation Act (the Act) and that Petitioner sustained an injury by accident to his back while cleaning Employer's shop. As to the notice issue, the Single Commissioner found that Petitioner "timely reported the injury" to Stallings. The Single Commissioner therefore found that Petitioner was entitled to "medical, surgical, and other authorized treatment[,]" and ordered a medical evaluation of Petitioner to determine: (1) whether he was at maximum medical improvement (MMI); and (2) whether Petitioner required any additional medical treatment, and any benefits under the Act resulting from the evaluation and determination.

Employer appealed, and the Commission affirmed the Single Commissioner's order. Like the Single Commissioner, the Commission found that Petitioner timely reported his injury to Stallings. Stating that Stallings acknowledged in his testimony that he could not testify with certainty that Petitioner did not report the injury to him—but only that it "didn't ring a bell"—the Commission found that Petitioner's testimony was more credible on the issue of notice of the injury.

Employer appealed the Commission's order to the court of appeals, arguing the Commission erred in: (1) determining Employer regularly employed four or more employees, and therefore was subject to the Act; finding Petitioner accidently injured his back, and failing to make any conclusion of law thereon; (3) finding Petitioner timely reported the injury, and failing to make any conclusion of law thereon; and (4) awarding Petitioner medical benefits for the injury. The court of appeals found that Employer regularly employed enough employees such that the Commission's finding of jurisdiction was proper. *Id.* at 245, 750 S.E.2d at 103. On the issue of notice, the court of appeals held that the Commission erred in finding that Petitioner provided proper notice of his injury to Employer. *Hartzell*, 406 S.C. at 246, 750 S.E.2d at 104. The court of appeals concluded that the Commission's determination that Petitioner provided Employer adequate notice was not supported by substantial evidence in the record. *Id.* at 248, 750 S.E.2d at 104. Based on its decision on that issue, the court of appeals reversed the award of benefits to Petitioner. *Id.* The court of appeals declined to address Employer's remaining arguments. *Id.* at 248, 750 S.E.2d at 105.

This Court granted Petitioner's petition for writ of certiorari to review the court of appeals' opinion pursuant to Rule 242, SCACR.

I.      Whether the court of appeals erred in reversing the
        Commission's finding that Petitioner provided sufficient notice
        under section 42-15-20 of the South Carolina Code?

II.     Whether the Commission erred in finding Petitioner sustained
        an injury by accident to his back under section 42-1-160 of the
        South Carolina Code?

III.    Whether the Commission erred in awarding Petitioner medical
        treatment in contravention of section 42-15-60 of the South
        Carolina Code?

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act (APA) governs judicial review of decisions by the Commission. S.C. Code Ann. § 1-23-380 (Supp. 2014); *Grant v. Grant Textiles*, 372 S.C. 196, 200, 641 S.E.2d 869, 871 (2007); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981). An appellate court's review is limited to the determination of whether or not the Commission's decision is supported by substantial evidence or is controlled by an error of law. *Grant*, 372 S.C. at 201, 641 S.E.2d at 871.

In workers' compensation cases, the Commission is the ultimate fact finder. *Holmes v. Nat'l Serv. Indus., Inc.*, 395 S.C. 305, 308, 717 S.E.2d 751, 752 (2011) (citing *Jordan v. Kelly Co.*, 381 S.C. 483, 674 S.E.2d 166 (2009)). This Court must affirm the Commission's factual findings if they are supported by substantial evidence. *Id.* (citing *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010)). "'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." *Adams v. Texfi Indus.*, 341 S.C. 401, 404, 535 S.E.2d 124, 125 (2000) (quoting *Lark*, 276 S.C. at 135, 276 S.E.2d at 306). "The substantial evidence test 'need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment;' and a judgment upon which reasonable men might differ will not be set aside." *Holmes*, 395 S.C. at 308–09, 717 S.E.2d at 752 (quoting *Lark*, 276 S.C. at 136, 726 S.E.2d at 307).

### I.    Notice

Petitioner argues the record contains substantial evidence to support the Commission's finding that he reported his work-related injury to Employer within the requisite time, and therefore, the court of appeals erred in reversing the Commission's order based on this issue.  We agree.

Section 42-15-20 of the South Carolina Code provides that an injured employee must provide notice to his employer of a work-related accident "on the occurrence of an accident, or as soon thereafter as practicable," but must do so "within ninety days after the occurrence of the accident."  S.C. Code Ann. § 42-15-20 (2015).  The notice provisions of section 42-15-20 "should be liberally construed in favor of claimants."  *Etheredge v. Monsanto Co.*, 349 S.C. 451, 458, 562 S.E.2d 679, 683 (Ct. App. 2002) (citing *Mintz v. Fiske-Carter Constr. Co.*, 218 S.C. 409, 414, 63 S.E.2d 50, 52 (1951)).

According to Petitioner, the only notice that he provided to Employer—prior to filing the Form 50—was the day after his injury, when he told Stallings that he was "pretty sore" and he "must have hurt [himself]."  Nevertheless, the Commission—after hearing the testimony of both parties—found Petitioner more credible than Stallings on the issue of notice, and found that Petitioner complied with the notice requirement of section 42-15-20.  While reasonable minds could have reached a different conclusion based on the record, we must not engage in fact-finding that would disregard the Commission's factual findings on these issues.  *See Holmes*, 395 S.C. at 308–09, 717 S.E.2d at 752 (quoting *Lark*, 276 S.C. at 136, 726 S.E.2d at 307).  We find the Commission's findings are supported by substantial evidence.  Accordingly, we reverse the court of appeals' decision. [1]

---

[1] Petitioner also argues that the Commission's decision was not immediately appealable under *Bone v. United States Food Service*, 404 S.C. 67, 744 S.E.2d 552 (2013).  To the extent that issue is preserved, *Bone* is inapplicable.  *See Shatto v. McLeod Reg'l Med. Ctr.*, 406 S.C. 470, 475 n.2, 753 S.E.2d 416, 418 n.2 (2013) ("In 2006, as part of Act 387, which, among other things, mandated that appeals from the Commission go directly to the Court of Appeals, section 1-23-390 (2006), entitled 'Supreme Court review,' was amended to include review of decisions from the Court of Appeals. Section 1-23-390 concludes by providing that appeals from the Court of Appeals shall be pursued 'by taking an appeal in the manner provided

## II.  *Additional Sustaining Grounds*

Employer presents two additional sustaining grounds.  First, Employer argues that the Commission erred in vaguely finding that Petitioner "sustained an injury by accident to his back" because:  (1) the Commission provided no conclusion of law on the issue to satisfy section 42-1-160 of the South Carolina Code; and (2) there was not substantial evidence in the record to support the finding.  *See* S.C. Code Ann. § 42-1-160 (2015).  In addition, Employer argues that the Commission's award of "medical, surgical, hospital, and other authorized treatment" is in direct contravention of section 42-15-60 of the South Carolina Code.  *See* S.C. Code Ann. § 42-15-60 (2015).

The court of appeals declined to address these arguments, finding further analysis unnecessary because the notice issue was dispositive.  Because we are reversing that holding, Employer is entitled to have the court of appeals rule on the remaining issues.  *See State v. Pinckney*, 339 S.C. 346, 350, 529 S.E.2d 526, 528 (2000) ("As the [c]ourt of [a]ppeals reversed Pinckney's convictions, it did not address his remaining issue whether the trial court erred in denying respondent's directed verdict motion on the ground of not guilty by reason of insanity.  Accordingly, we remand to the [c]ourt of [a]ppeals for consideration of this issue.").

### CONCLUSION

For the foregoing reasons, we reverse the court of appeals' decision and remand to the court of appeals for consideration of the issues raised by Employer.

**REVERSED AND REMANDED.**

**PLEICONES, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

by the SCACR as in other civil cases.' Rule 242(a), SCACR, authorizes this Court to issue a writ of certiorari 'to review a *final decision* of the Court of Appeals.'" (internal alteration marks omitted)).