# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Otis Nero, Respondent,

v.

South Carolina Department of Transportation, Employer, and State Accident Fund, Carrier, Petitioners.

Appellate Case No. 2017-001970

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from The Workers' Compensation Commission

---

Opinion No. 27789
Submitted  March 7, 2018 – Filed April 4, 2018

---

## REVERSED AND REMANDED

---

John Gabriel Coggiola, of Willson, Jones, Carter & Baxley, P.A., of Columbia, for Petitioners.

Stephen J. Wukela, of Wukela Law Firm, of Florence, for Respondent.

---

**PER CURIAM:** Petitioners seek a writ of certiorari to review the court of appeals' decision in *Nero v. South Carolina Department of Transportation*, 420 S.C. 523, 804 S.E.2d 269 (Ct. App. 2017).  We grant the petition, dispense with further briefing,

reverse, and remand the case to the court of appeals to issue a ruling applying the substantial evidence standard of review.

Respondent filed a workers' compensation claim alleging he sustained injuries to his back and shoulder while on the job. The single commissioner found respondent suffered an injury by accident arising out of and in the course of respondent's employment, and awarded benefits. The appellate panel reversed the decision of the single commissioner, finding respondent failed to provide timely notice of the injury. *See* S.C. Code Ann. § 42-15-20 (2015) (setting forth the requirement of timely notice).

On appeal from the commission's decision, the court of appeals employed the de novo standard of review applicable to jurisdictional questions, 420 S.C. at 529, 804 S.E.2d at 272, and reversed the commission, 420 S.C. at 535, 804 S.E.2d at 276. In finding the question of timely notice was a jurisdictional question subject to de novo review, the court of appeals relied on *Shatto v. McLeod Regional Medical Center*, 406 S.C. 470, 753 S.E.2d 416 (2013) and *Mintz v. Fiske-Carter Construction Co.*, 218 S.C. 409, 63 S.E.2d 50 (1951). However, neither *Shatto* nor *Mintz* supports the court of appeals' use of the de novo standard. *Shatto* involved "the question of whether [the claimant] was . . . an employee . . . or an independent contractor," and thus is inapplicable to this case. 406 S.C. at 475, 753 S.E.2d at 419. *Mintz* did involve what we called "the jurisdictional defense of no timely notice," 218 S.C. at 413, 63 S.E.2d at 52, but in that case we did not review a finding of the commission. Rather, after the commission neglected to rule on the question, we made our own finding of fact. 218 S.C. at 415, 63 S.E.2d at 52-53. Our casual use of the word "jurisdictional" was not necessary to our decision, and thus dictum.

Until this case, the court of appeals has consistently applied the substantial evidence standard when reviewing decisions of the commission on the question of timely notice. *See, e.g.*, *King v. Int'l Knife & Saw-Florence*, 395 S.C. 437, 443, 718 S.E.2d 227, 230 (Ct. App. 2011) ("The Appellate Panel's findings concerning notice are subject to the substantial evidence standard."); *Murphy v. Owens Corning*, 393 S.C. 77, 82, 710 S.E.2d 454, 457 (Ct. App. 2011) ("The Commission's findings of fact regarding notice and the statute of limitations are reviewed under the substantial evidence standard of review."); *Watt v. Piedmont Auto.*, 384 S.C. 203, 212, 681 S.E.2d 615, 620 (Ct. App. 2009) (holding the commission's ruling that a claimant failed to provide the required notice was supported by substantial evidence); *Lizee v. S.C. Dept. of Mental Health*, 367 S.C. 122, 127, 623 S.E.2d 860, 863 (Ct. App. 2005) (holding substantial evidence did not support the commission's finding that a claimant provided timely notice); *Bass v. Isochem*, 365 S.C. 454, 461, 617 S.E.2d

369, 372 (Ct. App. 2005) (holding substantial evidence did not support the commission's decision to deny benefits because claimant failed to give timely notice); *Etheredge v. Monsanto Co.*, 349 S.C. 451, 459, 562 S.E.2d 679, 683 (Ct. App. 2002) (holding the commission's findings regarding notice were supported by substantial evidence); *Muir v. C.R. Bard*, 336 S.C. 266, 300, 519 S.E.2d 583, 601 (Ct. App. 1999) (holding substantial evidence supported the commission's finding that a claimant gave timely notice of his claim); *Hanks v. Blair Mills, Inc.*, 286 S.C. 378, 382, 335 S.E.2d 91, 93 (Ct. App. 1985) (substantial evidence supported the finding that employer was notified of worker's job-related injury within ninety days).

In *Hartzell v. Palmetto Collision, LLC*, 406 S.C. 233, 750 S.E.2d 97 (Ct. App. 2013), *rev'd*, 415 S.C. 617, 785 S.E.2d 194 (2016), the employer raised the jurisdictional question of whether "it regularly employed four or more employees." 406 S.C. at 241, 750 S.E.2d at 101. The court of appeals reviewed the commission's decision on this question de novo, stating "'an appellate court reviews jurisdictional issues by making its own findings of fact without regard to the findings and conclusions of the Appellate Panel.'" *Id.* (quoting *Hernandez-Zuniga v. Tickle*, 374 S.C. 235, 244, 647 S.E.2d 691, 695 (Ct. App. 2007)). The employer also raised the question of timely notice. 406 S.C. at 246, 750 S.E.2d at 103-04. The court of appeals reviewed the commission's decision on the notice question, however, using the substantial evidence standard. 406 S.C. at 246, 750 S.E.2d at 104. The court of appeals stated, "We find the Appellate Panel's determination that Claimant provided Employer with adequate notice he had suffered a work-related injury is not supported by substantial evidence in the record . . . ." 406 S.C. at 247, 750 S.E.2d at 104. We reversed the court of appeals, also applying the substantial evidence standard of review to the question of timely notice, stating,

> While reasonable minds could have reached a different conclusion based on the record, we must not engage in fact-finding that would disregard the Commission's factual findings on these issues. . . . We find the Commission's findings are supported by substantial evidence.

*Hartzell v. Palmetto Collision, LLC*, 415 S.C. 617, 623, 785 S.E.2d 194, 197 (2016).

Thus, the court of appeals erred in applying the de novo standard. Under well-settled law, the commission's determination of whether a claimant gave timely notice under section 42-15-20 is not a jurisdictional determination, and must be reviewed on appeal under the substantial evidence standard. We reverse the court of appeals and remand for a decision under the proper standard of review.

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**