**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Timothy Hannah, Employee, Claimant, Respondent,

v.

MJV, Inc./Butler Trucking, Employer, and

Palmetto Timber S.I. Fund c/o Walker, Hunter & Associates, Inc., Carrier, Appellants.

Appellate Case No. 2016-001643

Appeal From South Carolina Workers' Compensation Commission

Unpublished Opinion No. 2019-UP-213
Heard March 13, 2019 – Filed June 12, 2019
Withdrawn, Substituted and Refiled October 16, 2019

**AFFIRMED**

Richard Mark Davis and Helen F. Hiser, both of McAngus Goudelock & Courie, LLC, of Mt. Pleasant, for Appellants.

William E. Jenkinson, III, of Jenkinson Jarrett & Kellahan, PA, of Kingstree, for Respondent.

**PER CURIAM:** In this appeal from the Workers' Compensation Commission, MJV/Butler Trucking (MJV) and Palmetto Timber S.I. Fund (collectively Appellants) argue (1) the doctrine of *res judicata* barred Timothy Hannah's (Claimant's) claim for permanent disability benefits, (2) the doctrine of laches barred Claimant's claim for permanent disability benefits, (3) Claimant could not unilaterally seek out medical treatment for admitted injuries without first requesting the medical treatment from MJV, and (4) Appellants were entitled to a credit for Temporary Total Disability (TTD) payments made after the treating physician determined Claimant reached Maximum Medical Improvement (MMI). We affirm, applying the substantial evidence standard of review as set by section 1-23-380 of the South Carolina Code (Supp. 2018):

1. We find the Appellate Panel of the Workers' Compensation Commission did not err in finding the doctrine of *res judicata* did not bar Claimant's claim for permanent disability benefits because the subject matter of Claimant's claim, a change in his condition arising after the prior litigation, had not been litigated before. *See Clark v. Aiken Cty. Gov't*, 366 S.C. 102, 109, 620 S.E.2d 99, 102 (Ct. App. 2005) ("The doctrine of *res judicata* ordinarily acts to preclude relitigation of issues or claims actually litigated or which might have been litigated in the first action."); *id.* ("Nevertheless, a final judgment or award is not *res judicata* of issues neither asserted nor required to be asserted '*or which could not properly be asserted.*'" (quoting 101 C.J.S. *Workers' Compensation* § 1499 (2000) (emphasis added))); *id.* at 110, 620 S.E.2d at 103 (finding the claimant "had no way of knowing if [a] surgery would improve his condition, and, therefore, the degree of change in condition was not yet ripe for review by the full commission"); *see also* S.C. Code Ann. § 42-17-90(A) (2015) (providing a claimant may seek to reopen an award under the Workers' Compensation Act if there has been a change in condition); *Gattis v. Murrells Inlet VFW No. 10420*, 353 S.C. 100, 109, 576 S.E.2d 191, 196 (Ct. App. 2003) ("A change in condition occurs when the claimant experiences a change in physical condition as a result of h[is] original injury, occurring after the first award.").

Furthermore, the issue of whether Hannah failed to meet the statute of limitations to file a change in condition claim is not preserved for review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to *and ruled upon* by the trial judge to be preserved for appellate review." (emphasis added)); *id.* at 77, 497 S.E.2d at 734 ("Post-trial motions are not necessary to preserve issues that have been ruled upon at trial; they are used to preserve those that have been raised to the trial court but not yet ruled upon by it."). Although MJV appears to have

recognized this issue in its forms, pre-hearing briefs, and in its argument to the single commissioner, the single commissioner did not rule on this issue. MJV did not raise this argument to the full commission or in their motion to reconsider.

2. We find the Appellate Panel of the Workers' Compensation Commission did not err in finding the doctrine of laches did not bar Claimant's claim for permanent disability benefits because (1) Claimant did not act negligently or unreasonably in seeking medical treatment and filing his claim when he did, and (2) Appellants were not materially prejudiced by Claimant's failure to notify them he was seeking treatment, given that the treatment he received was the treatment recommended by the original authorized treating physician. *See Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 296, 519 S.E.2d 583, 598 (Ct. App. 1999) (providing a claim is barred under laches when a party has "neglect[ed] for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done"); *id.* at 297, 519 S.E.2d at 599 (stating the party asserting laches bears the burden of showing "negligence, the opportunity to have acted sooner, and material prejudice"); *see also Dawkins v. Capitol Constr. Co.*, 252 S.C. 536, 539, 167 S.E.2d 439, 440 (1969) ("It is also settled by our decisions that an employer cannot claim prejudice where its knowledge of the pertinent facts was as full as would be disclosed by the written notice, had such been given.").

3. We find the Appellate Panel of the Workers' Compensation Commission did not err in awarding Claimant permanent disability when he unilaterally selected a physician and pursued medical treatment for an admitted compensable injury without requesting or notifying MJV. *See Hall v. United Rentals, Inc.*, 371 S.C. 69, 86, 636 S.E.2d 876, 885 (Ct. App. 2006) ("The Worker's Compensation Act provides that the employer names the authorized treating physician once a case has been accepted."); *id.* ("Generally, a claimant may obtain compensation only by accepting services from the employer's choice of providers."); *id.* ("However, a claimant is not required to sacrifice much-needed treatment merely to comply with an employer's choice of physicians."); *id.* ("The Appellate Panel, when necessary, may override the employer's choice of providers and order a change in the medical or hospital service provided."); *id.* ("Ultimately, the Appellate Panel is authorized and empowered to order further medical care and payment for that medical care when controversies arise between a claimant and the employer.").

4. We find the Appellate Panel of the Workers' Compensation Commission did not err in finding Appellants were not entitled to a credit for TTD payments for the period from February 10, 2010, through August 16, 2011, because (1) neither the Single Commissioner nor the Appellate Panel affirmed that Claimant had reached

MMI until July 25, 2011; and (2) Claimant did not sign his Form 17, stating he understood his TTD payments would stop, until August 16, 2011. *See* S.C. Code Ann. § 42-9-210 (2015) ("Any payments made by an employer to an injured employee during the period of his disability, or to his dependents, which by the terms of this title were not due and payable when made may, subject to the approval of the commission, be deducted from the amount to be paid as compensation."); *Brittle v. Raybestos-Manhattan, Inc.*, 241 S.C. 255, 257, 127 S.E.2d 884, 885 (1962) ("The approval of the Commission for such deduction is required by [section 42-9-210], and its conclusions thereabout are binding on appeal unless there is an absence of competent evidence to support them."); *Hendricks v. Pickens Cty.*, 335 S.C. 405, 414, 517 S.E.2d 698, 703 (Ct. App. 1999) ("Once the commission affirm[s] that [claimant] ha[s] reached MMI, it [is] then appropriate to terminate TTD benefits in favor of either permanent partial or permanent total disability benefits, if warranted by substantial evidence in the record."); *Smith v. S.C. Dep't of Mental Health*, 329 S.C. 485, 491–92, 494 S.E.2d 630, 633 (Ct. App. 1997) ("When the claimant reaches [MMI] and the authorized health care provider reports the claimant is able to return to work without restriction . . . the employer's representative may suspend compensation benefits by [preparing, executing, and filing a Form 17]." (quoting S.C. Code Ann. Regs. 67-504 (1997)[1])).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] This information contained in this quoted material now appears to be located in S.C. Code Ann. Regs. 67-505(E) (2012).